This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                  NO.   29,381

**ALEJANDRO RUIZ,**

Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant challenges the sufficiency of the evidence to support his conviction for driving while under the influence (DWI) pursuant to *State v.*

*Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [DS 5] We issued a calendar notice proposing to summarily affirm Defendant's convictions. Defendant filed a timely response and a motion to amend the docketing statement, which we have duly considered. Because we remain unpersuaded by Defendant's assertions of error, we affirm.

**DISCUSSION**

**Sufficiency**

Defendant continues to challenge the sufficiency of the evidence to support his convictions pursuant to *Franklin* and *Boyer*. [MIO 6-9] "Substantial evidence review requires analysis of whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction. We determine whether a rational factfinder could have found that each element of the crime was established beyond a reasonable doubt." *State v. Kent*, 2006-NMCA-134, ¶10, 140 N.M. 606, 145 P.3d 86 (citations omitted). On appeal, we view the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict. *State v. Apodaca*, 118 N.M. 762, 765-66, 887 P.2d 756, 759-60 (1994).

The record indicates that the jury was given instructions and verdict forms on both the per se and impairment alternatives of DWI pursuant to NMSA 1978, § 66-8-102(A) and (C)(1) (2008); the jury found Defendant guilty of both alternatives. [RP 64-65, 104-05, 188] In order to convict Defendant of DWI under Section 66-8-102(A), the State was required to prove beyond a reasonable doubt that (1) Defendant operated a motor vehicle, and (2) at the time he was under the influence of liquor in that he "was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public." [RP 64] *See* UJI 14-4501 NMRA. In order to convict Defendant of driving with a blood alcohol concentration of eight one-hundredths or more under Section 66-8-102(C)(1), the State was required to prove beyond a reasonable doubt that (1) Defendant operated a motor vehicle, and (2) within three hours of driving Defendant had an alcohol concentration of eight one-hundredths grams or more per one hundred milliliters of blood as a result of alcohol consumed before or while driving the vehicle. [RP 65] *See* UJI 14-4503 NMRA.

According to the docketing statement, Deputy Geraldine Y. Martinez testified that she pursued Defendant's vehicle through Tularosa after she attempted to stop the vehicle for speeding and the driver refused to stop. [DS 3] Deputy

Martinez briefly lost sight of the vehicle before it entered the parking lot of an apartment complex. [Id. 3-4] When Deputy Martinez came upon the vehicle parked in the lot, it was not occupied. [Id. 4] Deputy Martinez spoke with several individuals outside the apartment building and determined that Defendant was the owner of the vehicle and that he resided in the building. [Id.] Deputy Martinez located Defendant at an apartment, where he admitted to having a suspended driver's license, to using medication, and to consuming an energy drink containing alcohol. [Id.] After Deputy Martinez conducted field sobriety tests in the parking lot, Defendant was arrested for DWI. [Id.] Defendant's blood test results indicated that his blood alcohol concentration was 0.10 grams per 100 milliliters [Id.]

The tape log in the record further indicates that Deputy Martinez testified as follows. While pursuing Defendant's vehicle, she noticed that the driver of the vehicle was a young male with short hair and a small head, which was consistent with Defendant's appearance at the time. [RP 151, 158] She only lost sight of the vehicle for fifteen to twenty seconds before seeing it parked in the apartment complex lot. [Id. 151-52] Several females were on the sidewalk by the vehicle and she asked them where the driver of the vehicle went. [Id. 152] She found the driver in an upstairs apartment. [Id.] When she knocked on the door, Defendant came out agitated and admitted he was driving the vehicle. [Id.] He said he did not stop

4

because he had a suspended license and admitted to drinking an energy drink that has alcohol in it. [Id. 152-53] Deputy Martinez noticed that Defendant was swaying and had bloodshot eyes, slurred speech, and an odor of alcohol. [Id. 153] Defendant was arrested after performing poorly on field sobriety tests. [Id. 153-54]

The tape log also indicates that the State introduced testimony about Defendant's blood tests from the hospital employee who drew Defendant's blood and an expert witness from the Scientific Lab Division. [RP 160-65] The blood test results indicated that Defendant had an alcohol concentration of 0.10 grams per 100 milliliters. [Id. 163] Another deputy testified about the field sobriety tests and his belief that Defendant was intoxicated based on observations about his poor balance, odor of alcohol, bloodshot and watery eyes, and admission to drinking the alcohol-based energy drink. [Id. 165-66] In addition, the jury viewed a video of the traffic stop recorded from Deputy Martinez's vehicle. [Id. 156-57]

Under these circumstances, we proposed to hold that the State introduced sufficient evidence to support Defendant's conviction under both DWI alternatives. We proposed to hold that sufficient evidence was introduced to support a conviction that Defendant was under the influence to the slightest degree based on Defendant's speeding, bloodshot eyes, slurred speech, odor of alcohol, swaying, admission of driving, admission of drinking, poor performance on the field

sobriety tests, and the blood test results. In addition, we proposed to hold that sufficient evidence was introduced under the per se alternative based on the results of Defendant's blood test. We therefore proposed to reject Defendant's challenge to the sufficiency of the evidence.

We also proposed to reject Defendant's argument that the jury erred by not considering the alibi testimony of Terry Cordova. [DS 4-5] Assuming Cordova testified consistent with the representations in the docketing statement, we concluded that the jury was entitled to reject Cordova's version of events. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the factfinder to make credibility determinations and resolve any conflict in witness testimony).

Defendant's response does not persuade us that our understanding of the facts and our proposed disposition are in error. Defendant contends that three other witnesses could have testified that Defendant was not the driver of the car that was being chased and suggests that Deputy Martinez may have misheard some of what Defendant told her. [MIO 8-9] Although Defendant claims that the State failed to prove the identity of the driver, we continue to believe that the jury could find that Defendant was the driver based on the deputy's description of the driver that matched Defendant's appearance at the time of the incident, the deputy's

testimony about Defendant's agitated state, and Defendant's admission that he was driving the vehicle and did not stop because he had a suspended license.

We also reject Defendant's claim that the State did not meet its burden to prove the existence of a fourth prior DWI conviction, a contention that was not raised in the docketing statement. [MIO 9] Although Defendant may have asserted that he only had three prior DWIs, the judgment indicates that the State introduced evidence of four prior convictions. [RP 196] Defendant has given us no reason to question the district court's ruling on the number of prior convictions.

We therefore affirm Defendant's convictions.

**Motion to Amend**

Defendant seeks to raise an additional issue of ineffective assistance of counsel. [MIO 1-2] As Defendant notes, [id.] such a motion may only be granted if it is timely, and if the issues are viable. *See State v. Moore*, 109 N.M. 119, 128-30, 782 P.2d 91, 100-102 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991). For the reasons that follow, we conclude that the second requirement, viability, has not been met with respect to the issue that Defendant seeks to raise. Accordingly, we deny the motion.

"When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 (citing *State v. Swavola*, 114 N.M. 472, 475, 840 P.2d 1238, 1241 (Ct. App. 1992)). There is a two-fold test for proving ineffective assistance of counsel; the defendant must show (1) that counsel's performance fell below that of a reasonably competent attorney, and (2) that defendant was prejudiced by the deficient performance. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on the defendant to prove both prongs. *Id.*

In his memorandum in opposition, Defendant contends that defense counsel's performance was deficient because he did not call three additional alibi witnesses to testify at trial. [MIO 11] Generally, we do not second-guess the decision whether to call a witness because it is a matter of strategy and tactics to be made by trial counsel. *See State v. Mora*, 2003-NMCA-072, ¶ 14, 133 N.M. 746, 69 P.3d 256. Here, despite Defendant's assertions that the testimony of the three witnesses would have supported Defendant's alibi, Defendant's notice of intent to

8

claim alibi only listed Terry Cordova as an alibi witness. [RP 33] The three other witnesses were listed on Defendant's witness disclosure. [Id. 34] There is no information in the record about the nature of the witnesses' testimony or why defense counsel chose not to call them at trial. Because there are many reasons why defense counsel might have decided not to call the witnesses, the mere allegation that defense counsel failed to call them is not sufficient to support a claim of ineffective assistance of counsel or to justify reversal of Defendant's convictions. *See Swavola*, 114 N.M. at 475, 840 P.2d at 1241 (stating that a prima facie case is not made when there is a plausible, rational strategy or tactic to explain trial counsel's conduct).

Defendant also asserts that defense counsel's performance was deficient because counsel did not move for a new trial at sentencing when Defendant told him that his son had confessed to being the driver of the vehicle. [MIO 9-12] Defendant acknowledges that his claim about his son's confession is not of record. [Id. 12] Defendant argues, however, that he has presented a prima facie case of ineffective assistance of counsel because there was no rational strategy or tactic to justify not disclosing Defendant's claim about the confession to the district court and moving for a new trial. [Id.] We are not persuaded.

Trial counsel is not ineffective for failing to make a motion that is not supported by the record. *State v. Chandler*, 119 N.M. 727, 735, 895 P.2d 249, 257 (Ct. App. 1995). Here, Defendant claims that he told defense counsel at sentencing that his son had recently confessed to Defendant that he was the driver of the car. [MIO 5] However, Defendant does not suggest that his son confessed to the police or that he had any evidence of the confession to present to the district court to support the claim that Defendant's son was the driver of the vehicle. Accordingly, defense counsel might have thought Defendant's belated claim about his son's confession was not credible or did not meet the requirements of newly discovered evidence. On the record before us, we will not speculate about whether defense counsel's performance was deficient in failing to pursue the information. Thus, Defendant has not demonstrated a prima facie case of ineffectiveness. Defendant must pursue this issue, if at all, in a habeas corpus proceeding. *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845; *State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that "[t]his Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel"); *see also State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 ("A record on appeal that provides a basis for remanding to the trial court for

an evidentiary hearing on ineffective assistance of counsel is rare. Ordinarily, such claims are heard on petition for writ of habeas corpus[.]"). Because we find the issue of ineffective assistance of counsel is not viable, we deny Defendant's motion to amend the docketing statement.

**CONCLUSION**

For these reasons, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**ROBERT E. ROBLES, Judge**