1999-NMCA-013

973 P.2d 845

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Samuel O. TELLES, Defendant–
Appellant.**

No. 18091.

Court of Appeals of New Mexico.

July 8, 1998.

594

Tom Udall, Attorney General, Patricia Gandert, Assistant Attorney General, Santa Fe, for Appellee.

Adam G. Kurtz, Albuquerque, for Appellant.

## OPINION

APODACA, Judge.

{1} Defendant appeals his convictions and sentences after a jury trial. He was found guilty of homicide by vehicle (DWI) and great bodily injury by vehicle (DWI) in violation of NMSA 1978, § 66–8–101 (1991). He raises six issues on appeal: (1) comments by law enforcement officers on Defendant's post-arrest, post-Miranda silence in response to the prosecutor's direct examination constituted reversible error, (2) the trial court erred by excluding testimony regarding the victims' blood alcohol level and drug use, (3) testimony regarding the victims' injuries was unfairly prejudicial and violated Defendant's substantive rights, (4) the trial court improperly sentenced Defendant, (5) defense counsel's failure to call a witness constituted ineffective assistance of counsel, and (6) these errors cumulatively deprived Defendant of substantial rights. Unpersuaded by Defendant's arguments, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{2} One evening in February 1996, after leaving a bar, Defendant drove his vehicle home southbound on Highway 28, south of Las Cruces. Defendant testified that he wanted to pass the vehicle in front of him. To view oncoming traffic, Defendant stated that he would drive his car to the left, close to or slightly into the northbound lane. In doing so, Defendant collided with a motorcycle on which the driver and a passenger were riding. The collision killed the passenger and caused the driver to lose his leg. We incorporate additional facts in our discussion of the issues.

## II. DISCUSSION

### A. Prosecutorial Comment On Defendant's Right To Remain Silent

{3} Defendant argues that the trial court committed reversible error because it failed to grant a mistrial when the prosecutor intentionally elicited impermissible comments on Defendant's right to remain silent from law enforcement witnesses. On direct examination, the prosecutor asked Deputy Pirtle the following questions concerning his investigation of the collision:

Prosecutor: When you were at the scene of the collision, did you approach [Defendant] as part of your investigation?

Deputy Pirtle: Yes, I did.

Prosecutor: And when you approached him, did you notice anything about him?

Deputy Pirtle: When I approached [Defendant], he was in the back of Deputy Mendez' police car. I opened the back door to speak with [Defendant]. As I opened the door the first thing I observed was the strong odor of an alcoholic beverage coming from within the back portion of the vehicle. [Defendant] looked up at me, I observed that he had bloodshot and watery eyes. I told [Defendant] why he was under arrest and [Defendant] didn't say anything to me.

Defendant also complains of the prosecutor's questioning of Deputy Mendez:

Prosecutor: Were you present when [Defendant] was notified that [the passenger] had died?

Deputy Mendez: Yes, I was.

Prosecutor: What was his reaction?

Defense counsel: Objection, irrelevant.

Trial court: Overruled.

Deputy Mendez: When he was told about it, he had no reaction. He didn't say anything, he just went back to sleep.

{4} Objections to prosecutorial comments on the right to remain silent are not necessary for appellate consideration of this issue. *See State v. Carrasco,* 1996–NMCA–114, ¶ 33, 122 N.M. 554, 928 P.2d 939, *aff'd and rev'd in part on other grounds,* 1997–NMSC–047, 124 N.M. 64, 946 P.2d 1075. Impermissible prosecutorial comment on the right of a defendant to remain silent generally will result in reversal of a defendant's conviction. *See Carrasco,* 1996–NMCA–114, ¶ 33, 122 N.M. 554, 928 P.2d 939.

{5} The State argues that we should apply the abuse of discretion standard of review here because Defendant appeals from denial of his motion for a mistrial on this issue. *See State v. Price,* 104 N.M. 703, 707, 726 P.2d 857, 861 (Ct.App.1986). Defendant, however, does not posture his appeal in this manner. He asks this Court to determine whether the alleged prosecutorial comment constitutes plain error. *See State v. Lara,* 88 N.M. 233, 235, 539 P.2d 623, 625 (Ct.App. 1975). Our evidentiary rule and case law supports Defendant's contention on the appropriate standard of review. *See* Rule 11–103(D) NMRA 1998 ("Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court."); *State v. Lucero,* 116 N.M. 450, 453, 863 P.2d 1071, 1074 (1993) (holding that plain error doctrine applies to evidentiary matters); *State v. Hennessy,* 114 N.M. 283, 286, 837 P.2d 1366, 1369 (Ct.App.1992) (holding that prosecutorial questioning concerns the presentation of evidence), *overruled on other grounds by Lucero,* 116 N.M. at 453–54, 863 P.2d at 1074–75.

{6} In evaluating allegedly improper prosecutorial comments, we examine the manifest intent and character of the language. *See State v. Isiah*, 109 N.M. 21, 24, 781 P.2d 293, 296 (1989), *overruled on other grounds by Lucero*, 116 N.M. at 453–54, 863 P.2d at 1074–75. We determine whether the jury would naturally and necessarily understand it as a comment on Defendant's invocation of his right to remain silent. *See Isiah*, 109 N.M. at 24, 781 P.2d at 296. To deduce the manifest intention prompting the remarks, we consider the context of the statement and the natural and necessary impact on the jury. *See id.*

{7} First, we evaluate the prosecutor's questioning of Deputy Pirtle on direct examination. The prosecutor asked Deputy Pirtle about various field sobriety tests administered in DWI cases. Then the prosecutor focused on Deputy Pirtle's investigation of the accident. She asked Deputy Pirtle what he noticed about Defendant at the scene of the collision. We hold that this question was not plain error.

{8} In *Isiah*, 109 N.M. at 24–25, 781 P.2d at 296–97, our Supreme Court held that questions intended to determine the defendant's demeanor and mental state, in challenging an insanity defense, were not reversible error. The defendant's mental state and degree of culpability were at issue in *Isiah*. *See id.* Here, Defendant's intoxication was at issue. *See* § 66–8–101 (defining the offenses of homicide and great bodily injury by vehicle while driving under the influence of intoxicating liquor). The prosecutor's question sought to elicit indicators of Defendant's intoxication and was not a comment on Defendant's silence. *See Carrasco*, 1996–NMCA–114, ¶ 37, 122 N.M. 554, 928 P.2d 939 (holding that questions concerning defendant's behavior and attitude following arrest were not a direct comment on his post-arrest right to remain silent).

{9} Next we evaluate the prosecutor's direct examination of Deputy Mendez. The prosecutor questioned Deputy Mendez about his investigation of the accident, administration of sobriety tests to Defendant, arrest of Defendant, and Defendant's blood sample. Then she asked Deputy Mendez about Defendant's reaction to the motorcycle passenger's death. Deputy Mendez testified that Defendant had no reaction and went back to sleep. The State contends that this question concerned the influence of alcohol on Defendant and established a narrative of events.

{10} We agree with the State that the inquiry concerning Defendant's reaction was not a prosecutorial comment on his silence. The line of questioning sought to prove that Defendant was under the influence of alcohol. Officer Mendez testified about Defendant's impaired movements, the odor of alcohol, and Defendant's slurred and slow speech. Additionally, Officer Mendez testified concerning Defendant's admission of drunkenness, failure of the sobriety test, profanity, and blank stare. Somnolence is also an influence of alcohol. Consequently, we hold that this question did not constitute plain error.

{11} Even if we were to assume arguendo that the comments complained of constituted a direct comment on Defendant's right to remain silent, the State presented overwhelming evidence against Defendant to the trial court. Prejudicial effect of the prosecutorial query concerning Defendant's reaction to the passenger's death would be minimal in comparison. *See Isiah*, 109 N.M. at 25, 781 P.2d at 297; *see also State v. Molina*, 101 N.M. 146, 147, 679 P.2d 814, 815 (1984). For these reasons, we do not believe that the question requires reversal. *See Isiah*, 109 N.M. at 25, 781 P.2d at 297.

**B. Exclusion Of Blood–Alcohol Evidence Of Driver And Passenger**

{12} Driver contends that the trial court abused its discretion by excluding evidence of the motorcycle driver's and passenger's blood alcohol. " 'An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case.' " *State v. Woodward*, 121 N.M. 1, 4, 908 P.2d 231, 234 (1995) (quoting *State v. Apodaca*, 118 N.M. 762, 770, 887 P.2d 756, 764 (1994)). We determine whether the trial court's ruling is clearly untenable or not justified by reason. *See Woodward*, 121 N.M. at 4, 908 P.2d at 234.

{13} All relevant evidence is admissible, and irrelevant evidence is not admissible. *See* Rule 11–402 NMRA 1998. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence ." Rule 11–401 NMRA 1998.

{14} The motorcycle driver had a .05 blood alcohol concentration. At trial, an expert testified that there was no observable impairment to perhaps a slight and moderate judgment risk at this level. Additionally, there would be no lag in reaction time nor any effect on perception or memory. The trial court excluded evidence concerning the driver's alcohol consumption because "it would not be relevant to any issue in this matter." We agree and hold that the trial court did not abuse its discretion in excluding evidence of the driver's blood alcohol level.

{15} Apparently, the trial court did not rule on the admissibility of the passenger's blood alcohol concentration. The State filed a motion in limine to exclude this evidence. At the motion hearing, the trial court stated it would hear evidence concerning the matter outside the presence of the jury to determine relevancy. At trial, however, defense counsel did not seek to admit evidence concerning the passenger's blood alcohol. Consequently, Defendant did not preserve this issue for review because he did not invoke a ruling by the trial court. *See* Rule 12–216(A) NMRA 1998; *State v. Pennington*, 115 N.M. 372, 380, 851 P.2d 494, 502 (Ct.App. 1993) (holding that defendant waived claim by never requesting a further evidentiary hearing).

{16} Even if Defendant had preserved the issue of the passenger's blood alcohol concentration, we would affirm the trial court's ruling declaring its inadmissibility. *See* Rule 11–402 (providing that irrelevant evidence is not admissible). The State prosecuted Defendant for homicide by vehicle (DWI) and great bodily injury by vehicle (DWI). The passenger's blood alcohol level did not bear on any fact of consequence to the determination of these charges. *See* § 66–8–101 (defining the crimes of homicide by vehicle (DWI) and great bodily injury by vehicle (DWI)); Rule 11–401 (defining relevant evidence).

{17} In arguing the relevancy of the motorcycle driver's and passenger's blood alcohol, Defendant relies on *Buffett v. Vargas*, 1996–NMSC–012, ¶¶ 8–18, 121 N.M. 507, 914 P.2d 1004 (holding that trial court did not err in admitting blood-alcohol evidence of driver and passenger). We distinguish *Buffett* from this case because *Buffett* was a civil case involving comparative negligence. The criminal charges against Defendant did not involve concepts of comparative negligence. *See* § 66–8–101.

**C. Admission Of Testimony Regarding Injuries**

{18} Defendant challenges the trial court's admission of testimony concerning the victims' injuries. The standard of review for this issue is also abuse of discretion. *See Woodward*, 121 N.M. at 4, 908 P.2d at 234.

{19} Defendant argues this evidence was irrelevant because there was no dispute concerning the "necessary element of great bodily harm or death caused by the accident." *See* Rules 11–401, –402. Defendant stipulated that the driver sustained great bodily harm. The State, however, still had to prove that Defendant caused the driver's great bodily injury and the passenger's death by the unlawful operation of a motor vehicle. *See* § 66–8–101. The testimony was relevant to these issues. *See* Rule 11–401.

{20} Defendant also contends that the prejudicial effect of the testimony outweighed its probativeness. We disagree. The testimony presented evidence of the driver's and the passenger's injuries and indicated that the passenger's injuries eventually caused her death. Consequently, we hold that the trial court did not abuse its discretion in admitting this testimony.

**D. Defendant's Sentence**

{21} Defendant argues that the trial court improperly enhanced his sentence based on two prior convictions for driving under the influence of intoxicating liquor (DWI). *See* § 66–8–101(D). We review de

novo this question of law concerning statutory construction. *See State v. Cleve*, 1997–NMCA–113, ¶ 5, 124 N.M. 289, 949 P.2d 672.

{22} Pursuant to Section 66–8–101(D), the trial court enhanced Defendant's sentence by four years on both convictions. According to Defendant, the commission of each prior DWI used for enhancement must occur after the conviction of the preceding DWI. *See Koonsman v. State*, 116 N.M. 112, 114, 860 P.2d 754, 756 (1993). The cases Defendant relies on, however, concern habitual offender sentencing and not Section 66–8–101. *See id.; State v. Linam*, 93 N.M. 307, 309, 600 P.2d 253, 255 (1979).

{23} The plain meaning of Section 66–8–101, we believe, does not evince a legislative intent to adopt the crime–conviction, crime-conviction sequence for its enhancement purposes. *See State v. Riddall*, 112 N.M. 78, 80, 811 P.2d 576, 578 (Ct.App.1991) (holding that in statutory interpretation, the appellate court should give the legislative wording its plain meaning).

{24} Defendant additionally argues that his current convictions arose out of a single act. Consequently, he asserts the separate enhancement and the consecutive terms for each count are double jeopardy. Our Court has previously rejected Defendant's argument. *See State v. Harris*, 101 N.M. 12, 19–20, 677 P.2d 625, 632–33 (Ct.App.1984). As a result, we affirm Defendant's sentence.

### E. Assistance Of Counsel

{25} Defendant asserts that his trial counsel was ineffective because of counsel's failure to investigate and call a specific known witness. Defendant did not raise this issue below and cites to matters outside of the record. This Court cannot evaluate matters outside of the record. *See State v. Rickard*, 118 N.M. 312, 317, 881 P.2d 57, 62 (Ct.App.), *aff'd and rev'd on other grounds*, 118 N.M. 586, 884 P.2d 477 (1994). Without a record, we cannot consider Defendant's claim of ineffective assistance of counsel on direct appeal. *See Rickard*, 118 N.M. at 317, 881 P.2d at 62. Defendant's proper avenue of relief is a post-conviction proceeding that can develop a proper record. *See id.*

### F. Cumulative Error

{26} Because we have found no error, there is no cumulative error. *See State v. Armijo*, 1997–NMCA–080, ¶ 37, 123 N.M. 690, 944 P.2d 919.

### III. CONCLUSION

{27} We conclude that there was no prosecutorial comment on Defendant's right to remain silent and that the trial court did not abuse its discretion in excluding evidence of the motorcycle driver's and the passenger's blood alcohol concentrations. We also hold that the admission of testimony concerning the driver's and passenger's injuries was not an abuse of discretion and that the trial court lawfully sentenced Defendant. Finally, we determine that Defendant's claim for ineffective assistance of counsel is not properly before this Court and that there was no cumulative error. We therefore affirm Defendant's convictions and sentences.

{28} **IT IS SO ORDERED.**

DONNELLY and BOSSON, JJ., concur.