This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** **No. 30,448**

**RUSSELL WARWICK,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Abigail Aragon, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant appeals from the district court's judgment and sentence convicting him for solicitation to commit first degree murder pursuant to a jury verdict and

sentencing him to nine years incarceration and two years of parole. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We have considered Defendant's response, and we are not persuaded. Therefore, we affirm.

On appeal, Defendant challenges the sufficiency of the evidence to support his conviction for solicitation to commit first degree murder [MIO 10-12] and argues that he was denied effective assistance of counsel. [MIO 13-16]

**Sufficiency of the Evidence**

We engage a two-step analysis to evaluate a challenge to the sufficiency of the evidence presented to support a conviction. First, we "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. Second, we "make a legal determination of whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted). "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789, *abrogation on other grounds recognized in Kersey v. Hatch*, 2010-NMSC-020, ___ N.M. ___, 237 P.3d 683. The question for us is whether the district court's "decision is supported by substantial

evidence, not whether the court could have reached a different conclusion." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318, 323. "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]" *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted).

In our notice proposing summary affirmance, we relied upon the following facts. Jerry Lucero testified that while he and Defendant were incarcerated in the San Miguel Detention Center and playing a game of chess, Defendant asked Mr. Lucero if he would kill Defendant's wife, Ms. Maier. [DS 2; RP 37-38] Mr. Lucero testified that Defendant provided him with a map, phone numbers, a description of Ms. Maier's vehicle, and that Defendant mailed him a photograph of her. [DS 2] Corroborating this story, it appears that Mr. Severo Vargas testified that he heard Defendant ask Mr. Lucero to kill Defendant's wife. [DS 2; RP 40-41] Ms. Elsie Lucero, Jerry Lucero's mother, testified that she received two phone calls from Defendant asking for her son about a month after the alleged solicitation. [DS 2-3] In response to the phone calls, it appears Ms. Lucero called Ms. Maier and warned her that she was in danger. [DS 3]

Our notice observed that Defendant testified and testified to a different version of events. [DS 3] We stated that "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (filed 1998). We cautioned Defendant that on appeal, we resolve all conflicts in the

3

evidence in favor of the verdict and do not reweigh the evidence, make credibility determinations, or substitute our judgment for that of the fact finder. *Cunningham*, 2000-NMSC-009, ¶ 26; *Mora*, 1997-NMSC-060, ¶ 27. Viewing the evidence in this manner, we proposed to hold that it was sufficient to establish the elements of solicitation to commit first degree murder as it was instructed to the jury. [RP 58]

In response to our notice, Defendant argues that there was insufficient credible facts to support his conviction because the State relied upon the testimony of Mr. Lucero, a patently unreliable witness. [MIO 12] Defendant points out that Mr. Lucero's story changed while he was on the stand when he testified on cross-examination that Defendant did not directly ask him to kill his wife. [MIO 6] Defendant claims the record shows that Defendant was only venting about his impending divorce. [MIO 12] Defendant claims that he requested only the possibility that Mr. Lucero store, buy, or sell some of Defendant's belongings that were still at Ms. Maier's residence, and that is why Defendant provided Mr. Lucero with a map to Ms. Maier's home, a photograph of her, and some phone numbers. [MIO 4] Defendant emphasizes that Mr. Lucero's testimony was not credible because, when Defendant was released, he left Ms. Maier alone and moved to Arizona, and Mr. Lucero was still incarcerated. [MIO 4, 12]

Nevertheless, according to Defendant's memorandum in opposition, there was testimony presented that Mr. Lucero and Defendant had follow-up conversations about the details of how Mr. Lucero would kill Ms. Maier [MIO 4; RP 38 (11:10:22)], and Mr. Lucero understood that Defendant asked him to kill Ms. Maier [RP 39

4

(11:16:09); MIO 4], so much that Mr. Lucero informed his mother [RP 39 (11:16:17, 11:17:43); MIO 7], who warned Ms. Maier. [DS 3] Also, we can imagine that Defendant's move to Arizona could provide Defendant with an alibi for the possible killing. Therefore, Defendant's conduct, leaving Ms. Maier alone and relocating to Arizona, is not inconsistent with the conviction for solicitation to commit murder. Also, the jury was free to reject Defendant's testimony that the map, photograph, and phone numbers were intended for Mr. Lucero to recover Defendant's property. *See Rojo*, 1999-NMSC-001, ¶ 19. The evidence of the map, photograph, and phone numbers also is consistent with Defendant's conviction. Regardless, on appeal, we can only speculate about the reasons for the jury's credibility determinations and conclusions in weighing the evidence and do not view inconsistent verdicts to be necessarily erroneous or irrational. *State v. Castaneda*, 2001-NMCA-052, ¶ 7, 130 N.M. 679, 30 P.3d 368; *cf. State v. Roper*, 2001-NMCA-093, ¶¶ 23-24, 131 N.M. 189, 34 P.3d 133 ("We have frequently said that our business is to review the verdicts of conviction . . . and thus we do not entertain contentions alleging that the verdicts are irreconcilable."). Defendant's memorandum in opposition asks this Court to resolve conflicts in the evidence not in favor of the verdict, reweigh the evidence, make credibility determinations, and substitute our judgment for that of the fact finder, which we have explained we cannot do on appeal. *See Cunningham*, 2000-NMSC-009, ¶ 26; *Mora*, 1997-NMSC-060, ¶ 27. Viewing the evidence in a light most favorable to the verdict, we hold that the evidence was adequate to support the jury's conclusions. *See Salgado*, 1999-NMSC-008, ¶ 25.

**Ineffective Assistance of Counsel**

Lastly, Defendant asks whether he was denied the effective assistance of counsel. [MIO 13-16] "To establish a prima facie case of ineffective assistance of counsel, Defendant must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that Defendant suffered prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (internal quotation marks and citation omitted).

In his response to our notice, Defendant states his claim with more particularity, arguing that he was denied the effective assistance of counsel because trial counsel failed to adequately apprise Defendant of the plea deal offered by the prosecutor and because trial counsel failed to adequately challenge the credibility of the Mr. Lucero by calling Defendant's mother and bringing forth additional evidence. [MIO 15]

Defendant states that it is unclear whether the State's plea offer was ever reduced to writing or given to trial counsel. [MIO 5, 15] Defendant maintains, however, that he was never shown a written plea offer and that his attorney only briefly and vaguely alluded to a plea offer of four years incarceration. [MIO 5] This basis for Defendant's ineffective assistance of counsel claim has not been sufficiently factually developed to constitute a prima facie showing. As we explained to Defendant in our notice, we may only evaluate the facts that are part of the record and that where the facts necessary to a full determination are not part of the record, an

ineffective assistance claim is more properly brought through a habeas corpus petition. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61; *State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845 (filed 1998); *State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that "[t]his Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel").

As for Defendant's other basis for his ineffective assistance of counsel claim, Defendant noted in challenging the sufficiency of the evidence that trial counsel "did bring out some inconsistencies" in Mr. Lucero's testimony, but failed to bring out other inconsistencies. [MIO 6-7] We are not persuaded that Defendant's contention that further attacks on Mr. Lucero's credibility about some prior inconsistent statements he made at a hearing in magistrate court constitutes a prima facie case of ineffective assistance of counsel. [Id.] Defendant does not identify the allegedly inconsistent statements or at what magistrate court hearing Mr. Lucero allegedly made them, and Defendant does not explain why the failure to make that attack constituted incompetence and why that attack on Mr. Lucero's credibility would have changed the result. *See Roybal*, 2002-NMSC-027, ¶ 25 ("Counsel's deficient performance must represent so serious a failure of the adversarial process that it undermines judicial confidence in the accuracy and reliability of the outcome."). Also, Defendant does not explain what testimony his mother would have offered and does not specifically explain what additional evidence should have been discovered or

7

presented and why. [MIO 8] Therefore, this basis for Defendant's ineffective assistance of counsel also lacks sufficient factual development in the record and should be raised in habeas proceedings.

We make clear that the disposition of this case does not preclude Defendant from seeking habeas relief; he may raise these arguments in a collateral proceeding. *See Telles*, 1999-NMCA-013, ¶ 25.

For the reasons stated in our notice and in this opinion, we affirm the district court's judgment and sentence.

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Judge**

_____

**LINDA M. VANZI, Judge**