This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                  **NO. 28,034**

**TERRY WILLIAMS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Gary K. King, Attorney General
Nicole Beder, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**FRY, Judge.**

Defendant appeals his conviction for trafficking entered in accordance with his plea of no contest. Defendant argues that his attorney provided ineffective assistance

and that he did not knowingly and voluntarily enter into his plea agreement. We affirm.

**BACKGROUND**

On September 7, 2006, police officers stopped Defendant for a traffic violation and arrested him on an outstanding felony warrant. During his arrest, the officers conducted a search and discovered illegal substances within Defendant's clothing.

Defendant drafted and his counsel filed a motion to suppress the evidence uncovered in the search. The district court denied the motion. Defendant then pleaded no contest to possession with intent to distribute cocaine, reserving the right to appeal the denial of the motion to suppress. Two months after his plea hearing, Defendant filed a motion to withdraw his plea. Because he was already appealing the denial of the suppression motion, the district court determined that it did not have jurisdiction to hear the motion. It advised Defendant that his remedy was to seek appellate review.

Defendant raises three issues on appeal: (1) that the district court improperly denied the motion to suppress, (2) that he received ineffective assistance of counsel, and (3) that he did not voluntarily and knowingly enter into his plea agreement.

This Court previously addressed the first issue, ruling that the district court erroneously denied the motion to suppress. *State v. Williams*, 2011-NMSC-026, ¶ 7,

2

149 NM 729, 255 P.3d 307. Our Supreme Court reversed and remanded for this Court to address Defendant's other issues on appeal. *Id.* ¶ 22.

**DISCUSSION**

**Ineffective Assistance of Counsel**

Defendant argues that he was denied effective assistance of counsel because his attorney failed to properly argue the motion to suppress evidence, improperly requested that the court divert all pro se motions to counsel, failed to file two pro se motions requesting removal of counsel, failed to conduct witness interviews, and failed to file an attorney-drafted motion to suppress. Defendant claims that challenging the evidence was one of few defenses available to him and that a reasonably competent attorney would have filed a suppression motion. Instead, the motion filed was one Defendant had written, with no alterations. Defendant also maintains that in order to develop a trial strategy, counsel would need to conduct an investigation.

The standard of review for ineffective assistance of counsel claims is de novo. *State v. Quinones*, 2011-NMCA-018, ¶ 28, 149 N.M. 294, 248 P.3d 336. In order to make a prima facie case of ineffective assistance of counsel, the defendant must establish that counsel's performance was deficient and that the deficiency prejudiced his defense. *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61.

Counsel's performance is deficient if it falls below that of a competent attorney. *State v. Schoonmaker*, 2008-NMSC-010, ¶ 32, 143 N.M. 373, 176 P.3d 1105. There is no deficiency when counsel's conduct can be justified as a trial tactic or strategy. *Id*. To establish prejudice, the defendant must show that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*.

If an ineffective assistance claim is made first on direct appeal and the facts necessary to make a full determination are not in the record, then it is better to make that claim through a habeas corpus petition. *Roybal*, 2002-NMSC-027, ¶ 19. However, if the defendant makes a prima facie case of ineffective assistance, the court may remand for an evidentiary hearing. *Id*.

Defendant points to *State v. Torres*, 2005-NMCA-070, ¶ 13, 137 NM 607, 113 P.3d 877, which states that "[w]ithin the context of a failure to file a motion to suppress evidence, a defendant must establish that the facts support the motion and that a reasonably competent attorney could not have decided that the motion was unwarranted." The circumstances in the present case are different from those in *Torres*. In *Torres*, a motion to suppress was never filed. *Id*. Here, a motion to suppress was filed and denied. Defendant has not made a prima facie showing of ineffective assistance.

We do not consider Defendant's argument that his attorney failed to conduct an investigation or interviews because he failed to raise the issue below and the argument is not supported by the record. *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845 (refusing to consider a claim that counsel was ineffective because the issue was not raised below and relied on matters outside the record).

There is no factual support for Defendant's other arguments regarding ineffective assistance. Defendant does not point to any facts of record, and the facts needed to evaluate his other arguments are not part of the record. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments.").

Additionally, Defendant does not establish how he was prejudiced. Establishing prejudice is a crucial element of a prima facie claim of ineffective assistance of counsel. Defendant simply states that he was prejudiced but fails to flesh out his claim. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

We therefore reject Defendant's claim of ineffective assistance of counsel. Defendant is not barred from raising this claim in a habeas corpus proceeding.

**Knowing and Voluntary Plea**

Defendant argues that as a result of his attorney's lack of preparation and effort, he was forced to accept the plea offer and, therefore, his plea was not knowing or voluntary. We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *State v. Garcia*, 121 N.M. 544, 546, 915 P.2d 300, 302 (1996).

For a plea to be voluntary and knowing, there must be an affirmative showing on the record that the defendant understood the plea and its consequences. *Id.* at 547, 915 P.2d at 303. The defendant must be "informed of the nature of the charges, acts sufficient to constitute the offense, the right to plead not guilty, the right to a jury trial, the right to counsel, and the permissible range of sentences." *Id*. (internal quotation marks omitted).

The record affirmatively shows all of these elements. The district court explained the offense to Defendant as "a first-degree felony offense with a basic sentence of [eighteen] years of incarceration and/or a fine of up to $10,000." The prosecutor stated that the State would prove that Defendant had twelve rocks of crack cocaine and $258 in amounts and denominations consistent with drug trafficking as opposed to personal use. The State would also prove that Defendant intended to transfer the drugs. The district court advised Defendant that "you have a right to continue with your plea of not guilty. If you continue with your plea of not guilty, even today, you have a right to a jury trial." Defendant was represented by counsel

at the guilty plea hearing. Defendant engaged in a detailed discussion with the court regarding the range of sentences, which culminated in Defendant's stating that he understood how the sentencing would work if he were convicted. Defendant agreed that entering into the plea agreement was in his best interest.

Because the record establishes all of the elements required to show that the plea was entered into voluntarily and knowingly, we conclude that Defendant's plea was valid.

**CONCLUSION**

For the reasons stated in this opinion, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**RODERICK T. KENNEDY, Judge**