This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

    **vs.**                                   **No. 31,672**

**STEVEN MARTINEZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline Cooper, Chief Public Defender
B. Douglas Wood III
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals the district court's denial of his motion to set aside his guilty plea. We issued a calendar notice proposing summary affirmance. Defendant has filed a timely memorandum in opposition, which we have duly considered. We remain unpersuaded, and therefore we affirm.

"We generally review a district court's denial of a motion to set aside a plea using an abuse of discretion standard." *State v. Edwards*, 2007-NMCA-043, ¶ 16, 141 N.M. 491, 157 P.3d 56. "A trial court 'abuses its discretion when it acts unfairly or arbitrarily, or commits manifest error.'" *State v. Moore*, 2004-NMCA-035, ¶ 11, 135 N.M. 210, 86 P.3d 635 (internal quotation marks and citations omitted). In this case, Defendant filed a motion to withdraw the guilty plea stating three bases for withdrawal: (1) counsel told him the case would be prosecuted as a breaking and entering, (2) Defendant was coerced into entering the guilty plea because counsel made no preparations for trial, (3) counsel mislead him into believing that he would receive a sentence of one year followed by two years on parole. [RP 65-67] Defendant argues that his plea was not knowingly and intelligently made because of counsel's errors. [MIO 5] *See State v. Garcia*, 121 N.M. 544, 546, 915 P.2d 300, 302 (1996) ("A denial of a motion to withdraw a guilty plea constitutes manifest error when the undisputed facts establish that the plea was not knowingly and voluntarily given.").

"Where the defendant enters a plea upon her attorney's advice, the voluntariness and intelligence of the plea generally depends on whether she received ineffective assistance of counsel." *State v. Joanna V.*, 2003-NMCA-100, ¶ 11, 134 N.M. 232, 75 P.3d 832. "To establish a prima facie case of ineffective assistance of counsel, Defendant must show that (1) counsel's performance was deficient in that it 'fell below an objective standard of reasonableness'; and (2) that Defendant suffered prejudice in that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (citation omitted); *see also id.* ("The test for ineffective assistance of counsel is whether defense counsel exercised the skill of a reasonably competent attorney.").

In his memorandum in opposition, Defendant continues to argue that his attorney provided incompetent representation because he failed to prepare a defense, failed to discover alibi witnesses, and failed to consult with Defendant. [MIO 3, 6-7] Defendant also alleges that his attorney led him to believe that he was pleading guilty to breaking and entering, not burglary. [MIO 7-8] In our notice of proposed summary disposition, we proposed to hold that Defendant failed to establish a prima facie case of ineffective assistance of counsel because there was no record to support these claims. We noted that the district court appeared to have held a hearing on the motion

on March 28, 2011. [CN 3; RP 69] We invited Defendant to inform us what evidence or testimony was presented at the hearing on the motion to withdraw the plea in support of his claims. [CN 3, 5] In his memorandum in opposition, Defendant responds that he informed the district court that his attorney failed to properly advise him both in his motion to withdraw the plea agreement and at the hearing on the motion. [MIO 4, 6]

We understand that Defendant made these allegations below. However, Defendant still does not inform us what occurred at the hearing on the motion to set aside the plea agreement. Defendant does not tell us whether any evidence or testimony was presented. Defendant does not inform us whether the district court made any findings or the basis for the district court's denial of his motion to set aside the plea agreement. As a result, we are without a sufficient record to review Defendant's arguments. We therefore hold that Defendant has not established a prima facie case of ineffective assistance of counsel, and the district court did not abuse its discretion in denying the motion to set aside the plea. *See State v. Powers*, 111 N.M. 10, 12, 800 P.2d 1067, 1069 (Ct. App. 1990) (stating that an insufficient factual basis precludes appellate review of a claim of ineffective assistance of counsel).

We note that Defendant is free to pursue habeas corpus proceedings in accordance with Rule 5-802 NMRA. *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126

N.M. 593, 973 P.2d 845; *State v. Martinez,* 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that "[t]his Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel"); *see also State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 ("A record on appeal that provides a basis for remanding to the trial court for an evidentiary hearing on ineffective assistance of counsel is rare. Ordinarily, such claims are heard on petition for writ of habeas corpus[.]").

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**J. MILES HANISEE, Judge**