This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 33,487**

**ROBERT CORTEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Terrence Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

**{1}** Defendant appeals from the revocation of his probation. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded by Defendant's assertions of error, we uphold the revocation of Defendant's probation.

**{2}** In his docketing statement Defendant challenged the timeliness of the probation revocation proceedings. He renews that argument in his memorandum in opposition. [MIO 6-10] As we previously observed, the deadline associated with the initial hearing does not appear to have been met. [MIO 6-8] *See* Rule 5-805(G) NMRA. The State also appears to have filed its petition beyond the five-day window. [MIO 7] *See* Rule 5-805(F). However, the imposition of sanctions for these delays was not mandatory. *See* Rule 5-805(L). Although Defendant contends that the district court's failure to dismiss constituted an abuse of discretion, [MIO 9-10] we disagree. "Extreme sanctions such as dismissal are to be used only in exceptional cases." *State v. Harper*, 2011-NMSC-044, ¶ 16, 150 N.M. 745, 266 P.3d 25 (internal quotation marks and citation omitted). The brief delays that occurred in this case do not rise to that level. We therefore reject Defendant's first assertion of error.

**{3}** Defendant also continues to argue that the district court abused its discretion in electing to revoke his probation and to impose the balance of his original sentence.

[MIO 10-13] However, insofar as the district court acted within the scope of its sentencing authority, we remain unpersuaded that it abused its discretion. *See* NMSA 1978, § 31-21-15(B) (1989) (authorizing the court to require the probationer to serve the balance of the sentence imposed, upon proof of a violation); *State v. Vasquez*, 2010-NMCA-041, ¶ 41, 148 N.M. 202, 232 P.3d 438 ("[T]here is no abuse of discretion if the sentence imposed is authorized by law."). Insofar as Defendant entered an unconditional guilty plea, [RP 43-47] we are unpersuaded that Defendant's claim of cruel and unusual punishment is properly presented. *See generally State v. Chavarria*, 2009-NMSC-020, ¶¶ 9-10, 146 N.M. 251, 208 P.3d 896 (holding that the entry of an unconditional plea of guilty operates as a waiver of the right to raise a cruel and unusual punishment claim on appeal). And although Defendant asserts that the sentence is "unduly harsh," [MIO 10] Defendant cannot claim entitlement to judicial clemency. *See State v. Padilla*, 1987-NMCA-116, ¶ 7, 106 N.M. 420, 744 P.2d 548 (observing, relative to probation, that "[t]he suspension or deferment of a sentence is not a matter of right, but a decision reserved to the sound discretion of the sentencing court . . . [which] is considered an act of clemency").

{4}     Third and finally, Defendant seeks to advance a claim of ineffective assistance of counsel. [MIO 13-15] Because this issue was not previously articulated, we will treat it as an implicit motion to amend. Insofar as the record contains no support for

3

the alleged faults and errors of counsel, [MIO 13-15] a prima facie showing has not been made. *See generally State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845 (holding that without a record, we cannot consider claims of ineffective assistance of counsel on direct appeal). We therefore deny the motion to amend, and note in passing that habeas proceedings may provide a more appropriate avenue. *See State v. Samora*, 2013-NMSC-038, ¶ 23, 307 P.3d 328 (observing that where the record supplies no support for a claim of ineffective assistance of counsel, habeas proceedings are best suited to further development of the issue).

{5} Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{6} **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Chief Judge**

_____

**MICHAEL E. VIGIL, Judge**