GARCIA, Judge (dissenting). {36} I respectfully dissent in this case. Recognizing that we are willing to review matters of record for prima facie evidence of ineffective assistance of counsel, we will not afford the same benefit to arguments based on matters outside the trial record. See State v. Telles, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845 (holding that without any record, we cannot consider claims of ineffective assistance of counsel on direct appeal). However, based upon the evidence and record available in this case, I would hold that Defendant has made a prima facie showing of ineffective assistance of counsel. See Herrera, 2001-NMCA-073, ¶ 36 (recognizing that a prima facie case of ineffective assistance of counsel exists where: “(1) it appears from the record that counsel acted unreasonably; (2) the appellate court cannot think of a plausible, rational strategy or tactic to explain counsel’s conduct; and (3) the actions of counsel are prejudicial”). Rather than affirm Defendant’s conviction, Majority Opinion ¶ 34, this Court should remand this matter back to the district court for an evidentiary hearing to fully evaluate defense counsel’s effectiveness when she failed to address the State’s plea offer before July 1, 2013, the expiration date for the SORNA amnesty window. See Crocco, 2014-NMSC-016, ¶ 14 (“A prima facie case is made if [a defendant pro duces enough evidence to allow the fact-trier to infer the fact at issue and rule in [a defendant's favor.” (alteration, internal quotation marks, and citation omitted)). {37} The majority determined that Defendant failed to established that he would have entered into a plea agreement prior to July 1, 2013, but for his attorney’s errors. Majority Opinion ¶¶ 25-27. But a prima facie showing of ineffective assistance of counsel only requires a showing that counsel acted unreasonably and this error resulted in prejudice to the defendant. Herrera, 2001-NMCA-073, ¶ 36. Sufficient evidence was presented regarding the existence of the 2012 plea offer that ultimately resulted in a plea after the SORNA amnestyperiod expired. Majority Opinion ¶ 25. The only apparent issue regarding defense counsel’s effectiveness would be whether she was aware of the SORNA amnesty window and sufficiently notified Defendant of its implications before the deadline. See State v. Talley, 1985-NMCA-058 ¶ 6, 103 N.M. 33, 702 P.2d 353 (identifying the duty to consult with the defendant regarding important decisions and developments as one of the proper considerations for ineffective assistance of counsel). This opportunity, to both consult and inform Defendant of the new SORNA amnesty window, existed at the pretrial conference on May 6, 2013, and again on June 6,2013, when defense counsel moved to continue the June 27, 2013 trial date. Defendant asserts that (1) no such notification occurred; and (2) had he been adequately notified, he would have timely addressed the pending 2012 plea offer before the expiration of the amnesty window. Based upon the record available for review, Defendant’s assertion of error does meet the required standard of reasonableness that is necessary under Herrera to establish the first prima facie factor toward an ineffective assistance claim. 2001-NMCA-073, ¶ 36. {38} The second Herrera factor — a plausible explanation— does not appear to be at issue. Id. The State does not assert that a plausible or tactical reason exists for the failure to notify Defendant of the SORNA amnesty window that existed in 2013 while his charges and the June 27, 2013 trial were pending. And I cannot think of one. {39} Finally, the majority disputes whether the prejudice factor can be established based upon the record before us. Majority Opinion ¶¶ 25-27. The majority appears to base this position on the fact that the specific 2012 plea offer is not part of the evidence or contained in the record. Majority Opinion ¶ 26. However, once a recognized duty to consult with or inform a defendant regarding important decisions or developments in a case has been established, then a prima facie case of prejudice should exist that requires further evaluation and an explanation of why the duty was not met by counsel. See Talley, 1985-NMCA-058 ¶¶ 6-7 (noting that this Court has recognized ineffective assistance to exist when counsel is deficient in meeting any of the recognized duties to adequately represent a defendant in the adversarial process); State v. Luna, 1979-NMCA-048 ¶¶ 27-28, 92 N.M. 680, 594 P.2d 340 (remanding for an independent ineffective assistance of counsel hearing where counsel failed to take pretrial action to address the acquittals of co-defendants involved in the same conspiracy charge). Defendant has now offered sufficient inferential evidence of the existence of the 2012 plea offer that was only accepted after the SORNA amnesty deadline. This would be sufficient to show both attorney error and prejudice. See Crocco, 2014-NMSC-016, ¶ 14 (requiring the defendant to produce enough evidence to allow the court to infer the fact at issue). The appropriate means for fully addressing the more specific details and timing of counsel’s failure to address the plea agreement before July 1, 2013, should be left to the district court during a remand hearing. See Luna, 1979-NMCA-048 ¶ 28 (leaving the specific reasons for counsel’s inaction to be developed on remand once a prima facie showing of ineffectiveness has been satisfied). {40} In conclusion, I do not concur with the holding reached by the majority in this case. Sufficient inferential evidence was provided regarding ineffective assistance of counsel so as to bypass the necessity of habeas corpus proceedings. The issue of whether defense counsel was ineffective should have been remanded for an evidentiary hearing in the district court. TIMOTHY L. GARCIA, Judge