This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                  No. A-1-CA-36103

BRANDON LEE,

Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
Karen L. Townsend, District Judge

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}    Defendant has appealed from his convictions of aggravated battery and first degree kidnapping. We previously issued a notice of proposed summary disposition

in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2} The pertinent background information was set forth in the notice of proposed summary disposition. We will avoid undue repetition here, and focus instead on the content of the memorandum in opposition.

{3} Defendant continues to argue that the trial court erred in rejecting the signed plea agreement due to the victim's disagreement therewith. [MIO 6] As we stated in our proposed summary disposition, however, Rule 5-304(D) NMRA (2010) expressly grants district courts discretion to reject fully executed plea agreements. The district court's reason—the victim's disagreement with the plea deal—was neither arbitrary nor capricious. Therefore, we affirm.

{4} Defendant also reiterates his position that the district court erred in denying his motion to change venue. [MIO 7] Defendant does not challenge our observation that all jurors who were aware of the news article at issue were excused by the district court for cause, and that defense counsel did not renew the motion after voir dire. Therefore, we affirm.

{5} Defendant next argues that the State failed to prove that the crimes did not occur in Indian Country. [MIO 9] We construe Defendant's argument as a motion to amend the docketing statement and deny same. *See State v. Moore*, 1989-NMCA-073,

¶¶ 36-51, 109 N.M. 119, 782 P.2d 91 (holding that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error), *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. Defendant acknowledges that this issue was not preserved and that no evidence relevant thereon was presented below. [MIO 9, 10] Therefore, we may not address it on appeal. *See State v. Harrison*, 2010-NMSC-038, ¶ 10, 148 N.M. 500, 238 P.3d 869 ("Matters outside the record present no issue for review."(internal quotation marks and cited authority omitted)).

**{6}** Defendant next argues that his trial counsel was ineffective for failing to raise the issue of jurisdiction and for failing to renew the motion to change venue. [MIO 9-10] For the reasons discussed above, we hold that Defendant has failed to make a prima facie showing of ineffectiveness on appeal. *See State v. Bahney*, 2012-NMCA-039, ¶ 48, 274 P.3d 134 (stating that a prima facie case of ineffective assistance of counsel requires that a defendant establish that: "(1) counsel's performance fell below that of a reasonably competent attorney; (2) no plausible, rational strategy or tactic explains counsel's conduct; and (3) counsel's apparent failings were prejudicial to the defense"); *see also State v. Crocco*, 2014-NMSC-016, ¶ 14, 327 P.3d 1068 ("If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition[.]"). Defendant must

pursue his claims for ineffective assistance, if at all, in a collateral proceeding. *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845.

{7} Defendant's last argument on appeal is that the docketing statement should be amended to include the argument that his first degree kidnapping conviction is not supported by substantial evidence. [MIO 1, 11-12] We deny Defendant's motion. *See Moore*, 1989-NMCA-073, ¶ 44 ("[W]e should deny motions to amend that raise issues that are not viable[.]"). Defendant's challenge is limited to the second element of the offense: whether the State presented sufficient evidence that Defendant intended "to inflict death or physical injury on [the victim] or to make [her] give [D]efendant money against [her] will for the purpose of enriching [himself.]" [MIO 11] Defendant argues that, by acquitting him of aggravated assault with intent to kill, the jury rejected the theory that he took the victim with the intent to kill her. [MIO 12] Defendant further argues that there was no evidence that he took the victim with the intent to make her give him money for the purpose of enriching him, because the evidence established that Defendant "was merely trying to recover money for a debt that [the victim] owed him—thus it would be making him whole not enriching him." [MIO 12] Defendant fails to address the State's third theory of liability, however—that Defendant took the victim with the intent to inflict physical injury. "[A] general verdict will be upheld if the evidence is sufficient to support either of the

theories that form a basis for conviction." *State v. Massengill*, 2003-NMCA-024, ¶ 38, 133 N.M. 263, 62 P.3d 354. Defendant acknowledges that the evidence at trial established that the victim got into a vehicle with Defendant to go to an ATM machine only after he demanded that she give him money, hit her at least twice with brass knuckles when she refused, and threatened to take other property of hers instead. [MIO 2-3] After he learned upon arrival at the ATM that the victim did not have her ATM card on her, Defendant told the driver "to drive towards the power plant into the hills" and that he wanted to "just be done with her." [MIO 3] When the victim started pleading for her life, "Defendant responded by hitting her some more with the brass knuckles." [MIO 3] The victim ultimately jumped out of the moving vehicle. [MIO 4] We hold that this evidence is sufficient for a reasonable juror to find beyond a reasonable doubt that Defendant confined the victim with the intent to inflict physical injury upon her. *See State v. Allen*, 2000-NMSC-002, ¶ 65, 128 N.M. 482, 994 P.2d 728 (stating that the intent element of kidnapping can be established by evidence of acts committed at some later point during the commission of kidnapping).

{8}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{9}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

5

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

_____

**M. MONICA ZAMORA, Judge**