STATE V. PARKER

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**BRADFORD PARKER,**
**Defendant-Appellant.**

NO. A-1-CA-37010

COURT OF APPEALS OF NEW MEXICO

February 6, 2019

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY, John A. Dean, Jr., District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, for Appellee

Law Offices of Adrianne R. Turner, Adrianne R. Turner, Albuquerque, NM, for Appellant

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: J. MILES HANISEE, Judge, KRISTINA BOGARDUS, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant appealed following his conviction for CSCM. We issued a notice of proposed summary disposition in which we proposed to uphold the conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded by the assertions of error. We therefore affirm.

**{2}** The pertinent background information has previously been set forth. We will avoid undue reiteration here and focus instead on the content of the memorandum in opposition.

**{3}** First, Defendant renews his argument that the district court erred in disqualifying his attorney, based upon a conflict of interest. [MIO 8-15] In this case, the question of disqualification arose after it came to the State's attention that the firm representing Defendant had previously been retained by the mother of the victim. A hearing was conducted, at which numerous witnesses testified. Thereafter, the district court entered its disqualification order, which clearly sets forth the factual and legal basis for its decision. [RP 144-49]

**{4}** In his memorandum in opposition Defendant protests that the attorneys did not undertake to actively represent the mother of the victim. [MIO 3-4, 10] However, the evidence before the district court, including the letter issued by the attorney indicating that she had been engaged to represent the victim's mother, as well as the mother's stated belief that it was her understanding that the attorneys represented her, [MIO 4-5, 10] supplied ample support for the district court's determination. And although that representation may have concluded, the subject of the original representation of the victim's mother (i.e., a civil action arising out of Defendant's sexual abuse of the victim) was substantially related to the subject of the subsequent representation of Defendant (i.e., the criminal case arising out of Defendant's sexual abuse of the victim), and their interests were undeniably materially adverse. The district court properly concluded that this constituted a prohibited conflict, requiring disqualification. *See* Rule 16-109(A) NMRA ("A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing."); Rule 16-116(A)(1) NMRA (providing for mandatory disqualification where the representation will result in violation of the Rules of Professional Conduct).

**{5}** In his memorandum in opposition Defendant argues that the attorney who undertook the original representation of the victim's mother did not actually obtain confidential information, or pass that on to the additional attorneys who subsequently joined in the criminal defense team. [MIO 9-10] However, this is not the nature of the inquiry. *See Living Cross Ambulance Serv., Inc. v. N.M. Pub. Regulation Comm'n*, 2014-NMSC-036, ¶ 17, 338 P.3d 1258 (explaining that in this context, "[t]he court need not inquire into whether the confidential information was actually revealed or whether the attorney would be likely to use the information to the disadvantage of the former client" (internal quotation marks and citation omitted)). Rule 16-109 requires disqualification not only when confidential information has *actually* been disclosed, but also to situations in which there is an *appearance* that confidential information *might* have been given to the attorney in the prior representation. *Living Cross*, 2014-NMSC-036, ¶ 16; *see also State v. Barnett*, 1998-NMCA-105, ¶ 18, 125 N.M. 739, 965 P.2d 323 ("[T]he determination of whether there is a substantial relationship turns on the possibility, or appearance thereof, that confidential information might have been given to

the attorney in relation to the subsequent matter in which disqualification is sought. The rule does not necessarily involve any inquiry into the imponderables involved in the degree of relationship between the two matters, but instead involves the realistic appraisal of the possibility that confidences had been disclosed in the one matter which will be harmful to the client in the other. The effect of the rule, therefore, is to restrict the inquiry to the possibility of disclosure and not whether actual confidences were disclosed." (alteration, internal quotation marks, and citation omitted)). In this case, the interaction between the attorney and the victim's mother gave rise to such an appearance.

**{6}** Defendant asserts that the disqualification should have been limited to the attorneys who are members of the firm that represented the victim's mother. [MIO 11-14] However, in light of the co-counsel relationship, the presumption that confidences were divulged, and the underlying policy concerns, we conclude that the district court acted within its discretion in disqualifying all of the attorneys on the defense team. *See generally* Rule 16-110(A) NMRA (providing that the conflicts of interest of a single attorney are imputed to the entire firm); *Living Cross*, 2014-NMSC-036, ¶ 17 (adopting an irrebuttable presumption that a former client revealed facts requiring disqualification); *Roy D. Mercer, LLC v. Reynolds*, 2013-NMSC-002, ¶¶ 14, 17, 292 P.3d 466 (explaining that "[c]lients must be secure in their understanding that attorneys will maintain their confidences, even after the termination of an attorney-client relationship[,]" and "each lawyer is vicariously bound by the obligation of loyalty owed by each lawyer with whom the lawyer is associated" (internal quotation marks and citation omitted)); *State v. Gonzales*, 2005-NMSC-025, ¶ 31, 138 N.M. 271, 119 P.3d 151 ("In considering vicarious disqualification, a court should determine whether a reasonable person standing in the shoes of the defendant should be satisfied that his or her interests will not be compromised." (internal quotation marks and citation omitted)); *Barnett*, 1998-NMCA-105, ¶ 19 ("[A]ssurance of confidentiality and efficacy of representation are necessary to maintain public trust in the integrity of the judicial process."). We therefore reject Defendant's first assertion of error.

**{7}** Second, Defendant continues to argue that the district court erred in denying his motion for continuance. [MIO 15-18] We remain unpersuaded. As we previously observed, [CN 3-4] the record before us supplies no indication as to the length of the requested delay, and we cannot determine whether the delay would have accomplished Defendant's objective. Defendant does not dispute that four prior continuances had been granted: three at Defendant's request, and one for Defendant's benefit. Nor does Defendant dispute that the request was made on the day of trial, at great inconvenience to the parties and the district court. *See State v. Gonzales*, 2017-NMCA-080, ¶ 36, 406 P.3d 534 ("[W]e presume resetting the trial date on the day trial is supposed to begin is inconvenient for the parties and for the court."). Although Defendant urges that the stated motive was legitimate and that he was not at fault for failing to identify and pursue the issue prior to trial, [MIO 16, 17] we find no indication that the continuance would have benefitted the defense in any concrete way. On balance, we perceive no abuse of discretion. *See id.* ¶¶ 34-41 (upholding the denial of a motion for continuance

made on the day of trial, where continuances had already been granted, and where the defendant failed to establish prejudice).

**{8}**     Third, Defendant renews his claim of ineffective assistance of counsel. [MIO 18-20] Defendant bases his claim on counsel's failure to conduct interviews, failure to object to the introduction of a statement, and failure to seek an expert to testify at trial. [MIO 19-20] However, we find no indication that further interviews would have been helpful to Defendant's case. *See, e.g.*, *State v. Ortega*, 2014-NMSC-017, ¶¶ 54-60, 327 P.3d 1076 (rejecting a claim of ineffective assistance of counsel based upon failure to interview witnesses for the state, where the record contained nothing to suggest that such interviews would have produced anything of assistance to the defense). Trial counsel's failure to object to the introduction of Defendant's statement also appears to have been reasonable, given that Defendant admitted he was Mirandized, and Defendant's more recent suggestion that his "cognitive difficulties" might have diminished the voluntariness of his statement [MIO 19-20] is not adequately developed on the record before us. *See generally State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845 ("This Court cannot evaluate matters outside of the record."). We are similarly unpersuaded that the failure to retain an expert amounted to ineffective assistance of counsel. "[T]his Court has expressly rejected the contention that the failure to introduce the testimony of an expert witness constitutes ineffective assistance of counsel per se," *Lytle v. Jordan*, 2001-NMSC-016, ¶ 44, 130 N.M. 198, 22 P.3d 666, and in this case, trial counsel may have concluded that expert testimony would not have been beneficial to the defense. *See id.* ¶ 47 (arriving at a similar conclusion). *See generally State v. Nguyen*, 2008-NMCA-073, ¶ 30, 144 N.M. 197, 185 P.3d 368 ("It is for defense counsel to assess whether a particular expert's testimony will be helpful, and . . . we will not second guess counsel's decision.").

**{9}**     Ultimately, although the record is insufficient to establish a prima facie case of ineffective assistance of counsel on direct appeal, we note that Defendant is not precluded from pursuing this claim in a separate habeas proceeding. *See State v. Arrendondo*, 2012-NMSC-013, ¶¶ 42-44, 278 P.3d 517 (noting that although there was not enough evidence to properly address the defendant's ineffective assistance of counsel claim on direct appeal, he remained at liberty to pursue habeas corpus proceedings, where he could develop the record).

**{10}**     Fourth and finally, Defendant renews his claim of cumulative error. [MIO 20-21] In light of our rejection of Defendant's various individual assertions of error, there is no cumulative error. *See State v. Bent*, 2013-NMCA-108, ¶ 37, 328 P.3d 677 ("Because there was no individual error, we find no cumulative error.").

**{11}**     Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{12}    IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KRISTINA BOGARDUS, Judge**