Certiorari Denied, February 12, 2014, No. 34,508

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number:  2014-NMCA-047

Filing Date:  December 16, 2013

Docket No. 32,066

STATE OF NEW MEXICO,

          Plaintiff-Appellee,

v.

BRAD ALLEN,

          Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
Thomas J. Hynes, District Judge

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

**GARCIA, Judge.**

{1}     The primary issue before us concerns the preservation of error regarding the admissibility of a prior conviction for impeachment purposes when that prior conviction arose after the entry of an *Alford* plea in one of a related series of criminal charges against Defendant. During pretrial motions in limine, the district court ruled that the related prior

conviction was admissible as impeachment evidence, and Defendant chose to preemptively address the prior conviction head-on during direct examination. We conclude that the district court did not err in making the evidentiary rulings that are challenged by Defendant. Defendant also makes a claim for ineffective assistance of counsel that was not sufficiently developed at trial. We affirm.

**FACTS**

**{2}** Defendant was charged with criminal sexual contact and attempted criminal sexual contact of several minors. The trial with respect to each individual minor was separated from the other related trials, but all of Defendant's charges remained before the same judge. In the first prosecution (2010-1063-6), Defendant entered into a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). The district court accepted the plea but stated it would defer any action in the first case until the resolution of the second case. The memorandum of plea and order filed in the district court stated that the district court accepted "Defendant's plea and decline[d] at th[at] time to adjudicate guilt."

**{3}** Prior to trial in the second prosecution (2011-293-6), the State filed a motion for an adjudication of guilt in the first prosecution. The State expressly indicated its intention to inquire as to whether Defendant was a convicted felon, should Defendant choose to testify in the second prosecution. During the hearing on the State's motion, Defendant informed the district court that he had not yet been adjudicated guilty on his plea and argued that it would be inappropriate for the State to impeach Defendant's testimony with his plea at that time. The court explained that it had accepted Defendant's plea after the State laid the factual basis for its case against Defendant and did not withhold adjudication of guilt. Instead, the court had chosen not to take further action in the case until the other charges against Defendant were resolved. The district court then entered an adjudication of guilt against Defendant and expressly stated that, "[t]he conviction will be available for impeachment purposes at the trial" in the second prosecution.

**{4}** The morning of trial in the second prosecution, defense counsel renewed its objection to the use of the conviction from the first prosecution to impeach Defendant's testimony. The State clarified that it intended to ask Defendant only if he had been convicted of a felony without requesting that Defendant identify the precise felony for which he was convicted. The court agreed that this limitation would be a fair "compromise," and defense counsel offered no further objections.

**{5}** At trial, Defendant testified on his own behalf. Defense counsel's first question to Defendant was, "You're a convicted felon, aren't you, sir?" Defendant responded, "Yes, sir." At the very end of the prosecutor's cross-examination of Defendant, the prosecutor asked Defendant if he was a convicted felon. Defendant repeated that he was a convicted felon. The State again mentioned Defendant's prior conviction during its discussion of credibility in closing argument.

2

**{6}** Following trial, the jury convicted Defendant on one count of CSCM and was deadlocked on the other count of CSCM. Defendant then entered into another *Alford* plea agreement to dispose of all of the remaining counts against him. The plea agreement was conditioned on Defendant's ability to appeal the jury verdict. If Defendant's appeal is successful, he will be allowed to withdraw his guilty plea. Defendant timely filed an appeal of his conviction.

## DISCUSSION

**{7}** Defendant appeals the district court's adjudication of guilt in the first prosecution, as it applies to the second prosecution, and the jury verdict in the second prosecution. On appeal, Defendant argues that it was error to permit impeachment with his prior conviction and that his counsel was ineffective in failing to engage in a redirect examination of a witness. We will address each argument in turn.

### A.    Impeachment With Defendant's *Alford* Plea

### 1.    Preservation

**{8}** We first address Defendant's assertion that the district court erred when it allowed the State to impeach Defendant's credibility during the second prosecution with evidence of his *Alford* plea in the first prosecution. Before trial the prosecution gave notice that, if Defendant chose to testify, it intended to impeach him with evidence of his *Alford* plea from the first prosecution. The district court granted the State's motion regarding impeachment and allowed the State to use Defendant's conviction in the first prosecution if Defendant testified in the second prosecution. After the district court granted the State's motion to allow it to use Defendant's conviction in the first prosecution for impeachment proposes, Defendant made a tactical decision to lessen its impact by preemptively disclosing the prior conviction when he testified on direct examination. *See Ohler v. United States*, 529 U.S. 753, 762-63 (2000) (Souter, J., et al., dissenting) (addressing the strategic waiver of prior objections by offering the evidence preemptively before the evidence is used by the state). The State contends that Defendant's tactical decision to preemptively reveal his prior conviction would now prevent the issue from being reviewed on appeal.

**{9}** "The primary purposes for the preservation rule are: (1) to specifically alert the district court to a claim of error so that any mistake can be corrected at that time, (2) to allow the opposing party a fair opportunity to respond to the claim of error and to show why the district court should rule against that claim, and (3) to create a record sufficient to allow this Court to make an informed decision regarding the contested issue." *Kilgore v. Fuji Heavy Indus. Ltd.*, 2009-NMCA-078, ¶ 50, 146 N.M. 698, 213 P.3d 1127. Defendant here did so, objecting to the State's in limine notice of its intent to use his plea for impeachment purposes and again, prior to trial. *See State v. Thang*, 41 P.3d 1159, 1168 (Wash. 2002) (en banc). Preservation for review requires a fair ruling or decision by the district court in order to provide the lower court with an opportunity to correct any mistake, give the opposing party

3

an opportunity to demonstrate why the district court should rule in its favor, and create a record that enables this Court to make informed decisions. *State v. Janzen*, 2007-NMCA-134, ¶ 11, 142 N.M. 638, 168 P.3d 768. The State argues that this error was strategically waived and could not be preserved because the district court had no opportunity to make a ruling on the application of *Ohler* or the desire by the defense to mitigate the effect of the conviction's introduction during the second prosecution. We conclude that Defendant has not waived his right to appeal by the preemptive use of his prior conviction in the second prosecution.

**{10}** In *Ohler*, the United States Supreme Court concluded that a defendant waives his appellate standing concerning admission of prior convictions when he preemptively introduces the prior convictions after an unfavorable ruling on a motion in limine. 529 U.S. at 760. *Ohler* notes that "any possible harm flowing from a district court's in limine ruling permitting impeachment by a prior conviction is wholly speculative" because such orders may be revisited at any time during trial. *Id.* at 759 (alteration, internal quotation marks, and citation omitted). A strongly worded four-justice dissent in *Ohler* expressed a concern that the decision rested not on precedent but on a "commonsense" rule that did not make sense when applied. 529 U.S. at 761-62 (Souter, J., et al., dissenting). Because state courts are not bound by the United States Supreme Court's interpretation of federal rules of procedure, several states have now rejected the majority ruling in *Ohler*. *See, e.g.*, *State v. Swanson*, 707 N.W.2d 645, 654 (Minn. 2006) ("In light of our prior decisions on these issues, we hold that a defendant who testifies about his convictions on direct examination after denial of a motion in limine to exclude those convictions has not forfeited the opportunity to appeal the admissibility of those prior convictions."); *State v. Gary M.B.*, 2004 WI 33, ¶ 17, 676 N.W.2d 475 ("The Court's formulation of the strategic waiver rule in *Ohler* is contrary to the approach Wisconsin courts have utilized. Finally, as the dissent recognized in *Ohler,* the majority's holding is against the great weight of academic authority."); *State v. Daly*, 623 N.W.2d 799, 801 (Iowa 2001) ("Moreover, the rule of waiver is contrary to established precedent in this state."). In rejecting *Ohler*, other courts have reasoned that a district court is fully aware of the proposed evidence and law when it rules on such evidence in limine and that it is a poor trial tactic for defense attorneys to wait for the prosecution to introduce such evidence on cross-examination. *State v. Keiser*, 807 A.2d 378, 387-88 (Vt. 2002); *Thang*, 41 P.3d at 1167-68; *Daly*, 623 N.W.2d at 801. Given the nature of this tactical dilemma, a defendant is allowed to appeal a district court's preliminary ruling even after preemptively admitting prior bad acts or convictions before they are used against him/her by the state. *See Thang*, 41 P.3d at 1168 ("A defense lawyer who introduces preemptive testimony only after losing a battle to exclude it cannot be said to introduce the evidence voluntarily. Waiver is the voluntary relinquishment of a right.").

**{11}** Although the State's position is well reasoned and in accord with numerous state and federal jurisdictions, New Mexico precedent permits a defendant to both pull the string as a preemptive measure and preserve evidentiary issues for appeal if the district court has made a prior ruling regarding the admissibility of the evidence. *See State v. Zamarripa*, 2009-NMSC-001, ¶ 50, 145 N.M. 402, 199 P.3d 846 ("There is no waiver where a defense

attorney, his or her original objection rejected by the court, determines to 'make the best of a bad situation' and argues the improperly admitted evidence in the client's favor." (citation omitted)); *Sayner v. Sholer*, 1967-NMSC-063, ¶ 6, 77 N.M. 579, 425 P.2d 743 ("The court having already overruled the proper objection . . . , counsel was placed in the rather unenviable position of having to make the best of a bad situation. This was not a waiver." (internal quotation marks and citation omitted)); *State v. Romero*, 2006-NMCA-045, ¶ 16, 139 N.M. 386, 133 P.3d 842 (holding that, where "improper evidence is admitted over objection, resort may be had to like evidence without waiving the original error." (internal quotation marks and citation omitted)), *aff'd*, 2007-NMSC-013, 141 N.M. 403, 156 P.3d 694. We therefore conclude that it makes no difference who placed the prior conviction before the jury because this Court can review any potential error made when the district court ruled that it would allow the State to use the prior conviction evidence to impeach the Defendant's credibility.

**{12}** We are compelled by our New Mexico precedent to reach a result contrary to the majority opinion in *Ohler*. Consistent with other jurisdictions, we hold that we may consider the admissibility of criminal convictions for impeachment purposes where the defendant, as a tactical matter, elects to preemptively introduce such evidence after having previously objected to its admissibility and obtained a ruling from the district court. *Zamarripa*, 2009-NMSC-001, ¶ 50. Accordingly, we conclude that Defendant made a sufficient record to preserve for appeal his objection to the use of his prior conviction for impeachment purposes during the second prosecution. We now address the merits of Defendant's appeal.

## 2.    Admissibility of Defendant's Prior Conviction

**{13}** When the district court initially accepted Defendant's plea in the first prosecution, it apparently intended to postpone any formal adjudication of guilt until the resolution of the other charges against Defendant in the second prosecution. But when the State sought an earlier adjudication so that the first conviction could be used for impeachment purposes, the district court made the express decision to adjudicate Defendant guilty in the first prosecution and permit the State to impeach Defendant with this specific conviction in the second prosecution. Defendant asserts that the process used by the district court was error.

**{14}** "We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72. "We cannot say the [district] court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted). Although couched as a challenge to the entry of evidence in the second prosecution, Defendant actually claims that error was committed based upon the timing of the district court's entry of his conviction in the first prosecution. Defendant's challenge to the entry of the conviction resulting from his *Alford* plea thus appears to raise a question of law that we will review de novo. *See State v. Lohberger*, 2008-NMSC-033, ¶ 18, 144 N.M. 297, 187 P.3d 162 (stating that questions involving procedural rules are reviewed de novo).

5

Defendant, however, has provided this Court with no authority that would constrain the district court from adjudicating a defendant guilty prior to sentencing, and we therefore assume that no such authority exists. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329.

**{15}** The defenses raised in the second prosecution turned on Defendant's credibility, a factor Defendant chose to raise by testifying. Rule 11-609(A)(1) NMRA permits the impeachment of a witness with a prior felony conviction. Defendant argues that a guilty plea should not be viewed as a conviction for purposes of Rule 11-609 because a defendant can withdraw his or her guilty plea under certain circumstances. But this Court has already held that an adjudication of guilt constitutes a "conviction" for purposes of the rule, even if the judgment and sentence has not yet been filed. *See State v. Keener*, 1981-NMCA-139, ¶ 15, 97 N.M. 295, 639 P.2d 582 (holding that a jury verdict of guilty constitutes a conviction for purposes of impeachment under the rule, even though a final judgment and sentence had not yet been filed). *Keener* explained that a conviction can still be used to impeach a defendant where a judgment has been entered on a verdict but it is not final because an appeal has been taken. *Id.* Without supporting authority, we see no reason to treat Defendant's conviction pursuant to an *Alford* plea differently because sentencing was postponed. A conviction based on a plea is just as relevant to credibility as a judgment of conviction. *See id.* ¶ 16. Nothing in the record indicates that Defendant was prevented from withdrawing his *Alford* plea up until the hearing where the district court decided to adjudicate the first conviction and use it in the second prosecution. Even after the decision to adjudicate guilt on the first conviction, Defendant never attempted to withdraw his *Alford* plea prior to sentencing. Therefore, we hold that the district court's adjudication of guilt based on Defendant's *Alford* plea was properly available to the State as impeachment evidence in the second prosecution. Accordingly, we hold that Defendant has failed to establish reversible error.

**B.     Ineffective Assistance of Counsel**

**{16}** Defendant argues that his trial counsel was ineffective by (1) failing to engage in redirect examination in order to rehabilitate Defendant's testimony, (2) failing during direct examination to ask Defendant whether the complaining witness had ever been in his shop in her pajamas, and (3) failing to present evidence that the shop where the charges originated regarding one of the alleged victims was not set up for business until September 2009, four months outside the charging period in the indictment. "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. Because there is a preference for habeas corpus proceedings over remand, "[a] record on appeal that provides a basis for remanding to the [district] court for an evidentiary hearing on ineffective assistance of counsel is rare." *State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776.

6

**{17}** We presume counsel is competent. *State v. Jacobs*, 2000-NMSC-026, ¶ 48, 129 N.M. 448, 10 P.3d 127. In order to establish a prima facie case of ineffective assistance of counsel, a defendant must demonstrate that "(1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that [the d]efendant suffered prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (internal quotation marks and citation omitted). Whether to engage in redirect examination or to ask certain questions on direct examination are generally matters of trial strategy. "On appeal, we will not second guess the trial strategy and tactics of the defense counsel." *Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 (internal quotation marks and citation omitted). We do not find ineffective assistance of counsel if there is a plausible, rational trial strategy or tactic to explain counsel's conduct. *See State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289; *Roybal*, 2002-NMSC-027, ¶ 21.

**{18}** As the State points out in its brief, Defendant's bare allegations of error are totally undeveloped, were partially addressed by other witnesses, or were never made part of the record at trial. Defendant did not elaborate or explain these alleged deficiencies when he filed his reply brief. As a result, the necessary facts and arguments are not sufficiently developed for review or proper consideration by this Court. *See State v. Arrendondo*, 2012-NMSC-013, ¶ 44, 278 P.3d 517 (declining to review an ineffective assistance claim on direct appeal where the record is insufficient, without prejudice to a defendant's right to make an adequate record and seek relief in the context of a post-conviction habeas corpus proceeding).

**{19}** Furthermore, even if Defendant were able to demonstrate that his trial counsel's conduct was deficient, based on the record before us, Defendant has failed to establish that any of the claimed actions or inactions prejudiced him. Defendant has not demonstrated any reasonable probability that the outcome of his trial would have been different if trial counsel had acted differently. *See Aker*, 2005-NMCA-063, ¶ 34. Accordingly, we conclude that Defendant has failed to establish a prima facie case of ineffective assistance of counsel that would merit remand on direct appeal.

**{20}** For these reasons, we hold that Defendant must pursue the issue, if at all, in a collateral habeas corpus proceeding. *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 ("This Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel."); *see also Baca*, 1997-NMSC-059, ¶ 25 ("A record on appeal that provides a basis for remanding to the [district] court for an evidentiary hearing on ineffective assistance of counsel is rare. Ordinarily, such claims are heard on petition for writ of habeas corpus[.]").

**CONCLUSION**

**{21}**   For the foregoing reasons, we affirm the judgment of the district court.

**{22}   IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**LINDA M. VANZI, Judge**

**Topic Index for _State v. Allen_, No. 32,066**

**APPEAL AND ERROR**
Preservation of Issues for Appeal

**ATTORNEYS**
Effective Assistance of Counsel

**CRIMINAL LAW**
Criminal Sexual Penetration
Sexual Offences

**CRIMINAL PROCEDURE**
Effective Assistance of Counsel
Guilty Plea
Motion in Limine

**EVIDENCE**
Impeachment
Prior Convictions of Judgments