This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                      NO. 34,292

**MIGUEL CARDENAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Louis P. McDonald, District Judge**

Hector H. Balderas, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Appellate Defender
David Henderson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}     Defendant appeals his conviction for criminal sexual penetration (CSP) in the third degree. [RP 92] Our notice proposed to affirm, and in response Defendant filed a motion to amend the docketing statement and memorandum in opposition. We deny Defendant's motion to amend, and remain unpersuaded by his arguments. We affirm, and further remand for correction of an apparent clerical error in the amended judgment and sentence.

{2}     Defendant refers to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1, as support for his continued argument that the evidence was insufficient to support his conviction for criminal sexual penetration (CSP). [RP 58, 92; DS 3; MIO 5-6] *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (setting forth our standard of review). Based on the evidence detailed in our notice, we hold that ample evidence was presented to support the jury's findings that Defendant caused Victim to engage in sexual intercourse and did so through the use of physical force or physical violence. *See* NMSA 1978, § 30-9-11(F) (2009); *see also State v. Sparks*, 1985-NMCA-004, ¶¶ 6-7, 102 N.M. 317, 694 P.2d 1382 (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction).

{3} We acknowledge Defendant's assertions that the sex was consensual [MIO 4] and that Victim fabricated the facts supporting the crime because she believed it would help her position in the couple's child custody dispute. [MIO 3] As we emphasized in our notice, however, these were matters to be considered and weighed by the factfinder. *See, e.g.*, *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the factfinder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay); *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (recognizing that the jury is free to reject the defendant's version of the facts). We also acknowledge Defendant's argument that "a rational jury who rejected [Victim's] testimony that [Defendant] had committed battery on a household member and child abuse could not have credited her associated claim that he forcibly raped her, as this would have required it to fragment her story to the point of distortion." [MIO 6] However, "we review the verdict of conviction, not the verdict of acquittal," *see State v. Fernandez*, 1994-NMCA-056, ¶ 39, 117 N.M. 673, 875 P.2d 1104, and will not disturb a jury verdict that is supported by sufficient evidence.

{4} We next address Defendant's motion to amend his docketing statement to add two issues. First, Defendant seeks to argue that the district court erred when it restricted defense counsel from cross-examining Victim "about her violations of the

restraining order she obtained" against Defendant after the February 17, 2013 incident which led to his conviction. [MIO 6-7] Defendant argues that as part of any cross-examination of Victim about her continued social and sexual relations with Defendant after the February 17, 2013 incident, he wanted to specifically reference that Victim got a restraining order against Defendant after the incident, yet continued to see him. [MIO 6]

{5} In light of the State's objection that Defendant failed to introduce the restraining order into evidence [MIO 6], we conclude that the district court did not abuse its discretion in excluding any reference to the restraining order. *See, e.g., State v. Lopez*, 2009-NMCA-044, ¶¶ 13-14, 146 N.M. 98, 206 P.3d 1003 (holding that the best evidence rule was violated where the prosecution presented testimony regarding the contents of documents, but did not enter the documents themselves into evidence or provide any explanation as to why the document was unavailable); *see also State v. Kent*, 2006-NMCA-134, ¶ 18, 140 N.M. 606, 145 P.3d 86 ("We examine the admission or exclusion of evidence for abuse of discretion, and the district court's determination will not be disturbed absent a clear abuse of discretion."). Moreover, to the extent Defendant suggests that reference to the restraining order would have served to dispute Victim's testimony about the February 17, 2013 incident or cast doubt on her credibility [MIO 6, 8], this evidence would be cumulative of

4

Defendant's testimony that the sex was consensual. *See generally State v. Marquez*, 1998-NMCA-010, ¶ 24, 124 N.M. 409, 951 P.2d 1070 ("[T]he trial court in its discretion may properly exclude cumulative evidence."). We deny Defendant's motion to amend to add this issue. *See State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (denying the defendant's motion to amend the docketing statement because the argument offered in support of the motion was not viable).

{6} Second, Defendant also seeks to amend his docketing statement to argue that his trial counsel was ineffective. As his basis, Defendant asserts that counsel was ineffective because during Victim's cross-examination, he unsuccessfully attempted to impeach Victim with her pre-trial interview. [MIO 9] Specifically, Defendant provides that his counsel asked Victim to admit that she had consensual sex with Defendant the night before the incident. When Victim denied this statement, counsel attempted to impeach Victim with her pre-trial interview, but the audio of the pre-trial interview when played for the jury actually supported Victim's denial. [MIO 10] Although this may have "flustered" counsel [MIO 11], we can not conclude that, but for counsel's performance, there is a reasonable probability that the outcome would have been different. *See State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289 ("For a successful ineffective assistance of counsel claim, a defendant must first demonstrate error on the part of counsel, and then show that the error resulted

in prejudice."). Stated another way, defense counsel's misapprehension about whether or not Victim had admitted in a pre-trial interview to having consensual sex on a day other than the incident at issue does not refute the evidence that Defendant forced Victim to have sex on the day of the incident. Unlike a failure to investigate that results in the failure to discover evidence favorable to a defense, here any misapprehension simply resulted in the discovery of a lack of evidence favorable to the defense. *Cf. Lytle v. Jordan*, 2001-NMSC-016, ¶ 27, 130 N.M. 198, 22 P.3d 666 (stating that with respect to the showing that counsel's deficient performance prejudiced the defense, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (internal quotation marks and citation omitted)).

{7}     Citing to *Franklin* and *Boyer* [MIO 11], Defendant also asserts that counsel was ineffective because counsel "failed to confront the State's DNA expert about whether the other contributor to the DNA samples" could be that of another man [MIO 11]; failed to fully cross-examine Victim about discrepancies in her direct examination testimony and her statements in the police reports [MIO 12]; and failed to elicit testimony from Victim regarding her continued relationship with Defendant after she obtained a restraining order. [MIO 12] All of these matters relate to trial strategy, and do not establish a prima facie showing of ineffective assistance of

6

counsel. *See State v. Allen*, 2014-NMCA-047, ¶ 17, 323 P.3d 925 (refusing to "find ineffective assistance of counsel if there is a plausible, rational trial strategy or tactic to explain counsel's conduct"); *see State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 (stating that "a prima facie case is not made when a plausible, rational strategy or tactic can explain the conduct of defense counsel" (internal quotation marks and citation omitted)). We thus deny Defendant's motion to amend his docketing statement to argue ineffective assistance of counsel. *See Sommer*, 1994-NMCA-070, ¶ 11 (recognizing that issues sought to be presented must be viable); *see also Bernal*, 2006-NMSC-050, ¶ 35 (determining that tactical decisions made by counsel at or during trial "are best evaluated during habeas corpus proceedings").

{8}     Thus, for the reasons set forth above and discussed in our notice, we deny Defendant's motion to amend, and affirm. We further remand to the district court with instructions that the amended judgment and sentence [RP 109] be corrected to reflect that the date of the crime for which Defendant was convicted was February 17, 2013, rather than July 22, 2011, as stated.

{9}     **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

7

_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**TIMOTHY L. GARCIA, Judge**