This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-35135**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**SEAN VEST,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Marci E. Beyer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Defendant Sean Vest appeals his conviction for aggravated fleeing a law enforcement officer, pursuant to NMSA 1978, Section 30-22-1.1 (2003).[1] Defendant argues he was entitled to a jury instruction for the lesser included offense of resisting,

---

[1] Defendant's initial appeal included an argument regarding the sufficiency of the evidence for his conviction for aggravated fleeing a law enforcement officer. Our Supreme Court resolved this argument in *State v. Vest*, 2021-NMSC-020, 488 P.3d 626. We address Defendant's remaining claims in this opinion.

evading or obstructing an officer, pursuant to NMSA 1978, Section 30-22-1 (1981), and that he was subject to ineffective assistance of counsel. We affirm.

## DISCUSSION

### Defendant Was Not Entitled to a Jury Instruction for a Lesser Included Offense

**{2}** Defendant first argues that he was entitled to a jury instruction for the lesser included offense of resisting, evading or obstructing an officer.[2] Defendant did not preserve this argument, thus we review it for fundamental error. *See State v. Sandoval*, 2011-NMSC-022, ¶ 13, 150 N.M. 224, 258 P.3d 1016 ("If the issue has not been preserved, [the appellate court] reviews for fundamental error.").

**{3}** Our Supreme Court has declined to review a defendant's failure to request an instruction on a lesser included offense for fundamental error because the decision implicates trial strategy. *See State v. Foster*, 1999-NMSC-007, ¶ 54, 126 N.M. 646, 974 P.2d 140 (stating that "we have declined to apply the doctrine of fundamental error to a defendant's choice of whether to have the jury instructed on lesser included offenses," and that appellate courts will not free defendants from the consequences of their choice to ask for, or decline to ask for, such an instruction), *abrogated on other grounds as recognized by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683; *State v. Boeglin*, 1987-NMSC-002, ¶ 15, 105 N.M. 247, 731 P.2d 943 ("We hold that, consistent with the constitutional guarantees of a fair trial, the defendant . . . may take his chances with the jury by waiving instructions on lesser included offenses and cannot be heard to complain on appeal if he has gambled and lost."); *see also State v. Villa*, 2004-NMSC-031, ¶ 14, 136 N.M. 367, 98 P.3d 1017 (stating that "[o]n appeal, we do not second-guess the tactical decisions of litigants" regarding their decision to pursue an "all or nothing" trial where "neither party requested instructions on any lesser[]included offenses" (internal quotation marks omitted)).

**{4}** Even if we reviewed this claim for fundamental error, under our Supreme Court's cognate approach outlined in *State v. Meadors*, 1995-NMSC-073, ¶ 12, 121 N.M. 38, 908 P.2d 731, Defendant's argument fails because there was no error. *See State v. Ocon*, 2021-NMCA-032, ¶ 7, 493 P.3d 448 (noting that the first step of the fundamental error analysis is to determine whether an error occurred). Under the facts of this case, Defendant was not entitled to the jury instruction for the lesser included offense of resisting, evading or obstructing an officer.[3] We explain.

---

2Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of this case, we reserve discussion of specific facts where necessary to our analysis. For an overview of the facts of this case, *see Vest*, 2021-NMSC-020, ¶¶ 2-5.

3Because we conclude that a lesser included instruction was unwarranted, we do not address Defendant's argument that the district court was required, sua sponte, to provide the instruction.

**{5}**   In *Meadors*, our Supreme Court endorsed the cognate approach to determine whether a lesser included offense instruction should be given. 1995-NMSC-073, ¶ 12. Under the cognate approach, a district court should grant a request for the instruction if

> (1) the defendant could not have committed the greater offense in the manner described in the charging document without also committing the lesser offense, and therefore notice of the greater offense necessarily incorporates notice of the lesser offense; (2) the evidence adduced at trial is sufficient to sustain a conviction on the lesser offense; and (3) the elements that distinguish the lesser and greater offenses are sufficiently in dispute such that a jury rationally could acquit on the greater offense and convict on the lesser.

*Id.*

**{6}**   Assuming that Defendant meets the first two requirements, our review leads us to conclude that Defendant cannot establish the third requirement because the elements that distinguish the lesser and greater offenses were not sufficiently in dispute such that a jury rationally could acquit on the greater offense and convict on the lesser. Defendant argues that the requirement that his driving endangered someone was the main aspect of the charge that he denied, and even if the State sufficiently asserted the endangerment requirement, the evidence was not overwhelming and a jury may have found the State did not sufficiently prove endangerment.

**{7}**   Contrary to Defendant's assertion, he did not dispute the facts supporting the greater offense at trial and conceded to the jury that the State had proved the greater offense of aggravated fleeing multiple times. Officer Capraro testified that the road was wet and slippery, he had to increase his speed to 70 miles per hour to pursue Defendant, Defendant was driving faster than he was, and they were driving in a residential area. Defense counsel did not cross-examine Officer Capraro on any of these facts. When Defendant testified, he admitted to taking the vehicle and attempting to drive away from police, and never disputed the facts that the State relied on to prove that he was driving in a manner that endangered another person. Defense counsel did not argue that the jury should doubt Officer Capraro's testimony, and in fact conceded that the State met its burden and proved "the aggravated fleeing." Based on this, the element that distinguishes the greater and lesser offenses—whether Defendant was driving willfully and carelessly in a manner that endangered the life of another person— was not in dispute in front of the jury. Based on the failure of Defendant to establish this third requirement, we conclude that the district court did not err by failing to provide a jury instruction for the lesser included offense of resisting, evading or obstructing an officer.

**Defendant Fails to Establish a Prima Facie Case of Ineffective Assistance of Counsel**

**{8}**     Next, Defendant contends that defense counsel's failure to request a jury instruction for the lesser included offense of resisting, evading or obstructing an officer deprived him of effective assistance of counsel. Our review of this issue is de novo. *State v. Montoya*, 2015-NMSC-010, ¶ 57, 345 P.3d 1056.

**{9}**     We address claims of ineffective assistance of counsel under a two-part test, which is derived from *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Lytle v. Jordan*, 2001-NMSC-016, ¶ 25, 130 N.M. 198, 22 P.3d 666. "In order to be entitled to relief on the basis of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense." *State v. Trammell*, 2016-NMSC-030, ¶ 16, 387 P.3d 220 (internal quotation marks and citation omitted). When the facts necessary to establish ineffective assistance are not part of the record, but an appellant makes a prima facie showing of ineffective assistance of counsel, an appellate court may remand for an evidentiary hearing. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. "A prima facie case is made out when: (1) it appears from the record that counsel acted unreasonably; (2) the appellate court cannot think of a plausible, rational strategy or tactic to explain counsel's conduct; and (3) the actions of counsel are prejudicial." *State v. Herrera*, 2001-NMCA-073, ¶ 36, 131 N.M. 22, 33 P.3d 22.

**{10}**     We presume the defendant received effective assistance of counsel "unless [the] defendant demonstrates both that counsel was not reasonably competent and that counsel's incompetence caused the defendant prejudice." *State v. Sloan*, 2019-NMSC-019, ¶ 33, 453 P.3d 401 (internal quotation marks and citation omitted). Further, "[f]ailure to prove either prong of the test defeats a claim of ineffective assistance of counsel." *State v. Reyes*, 2002-NMSC-024, ¶ 48, 132 N.M. 576, 52 P.3d 948.

**{11}**     In addressing the first prong, the defendant "must demonstrate that . . . counsel's performance was deficient in that it fell below an objective standard of reasonableness[.]" *State v. Allen*, 2014-NMCA-047, ¶ 17, 323 P.3d 925 (internal quotation marks and citation omitted). "We do not find ineffective assistance of counsel if there is a plausible, rational trial strategy or tactic to explain counsel's conduct." *State v. Bernard*, 2015-NMCA-089, ¶ 35, 355 P.3d 831 (internal quotation marks and citation omitted). "In order to overcome the presumption that counsel acted reasonably, [the d]efendant must show that the challenged action could not be considered sound trial strategy." *State v. Miera*, 2018-NMCA-020, ¶ 31, 413 P.3d 491 (internal quotation marks and citation omitted). We conclude the decision to omit a request for the jury instruction for the lesser included offense could be considered trial strategy. We explain.

**{12}**     In closing argument, defense counsel's argument was primarily focused on the evidence relating to the armed robbery charge. In fact, defense counsel conceded multiple times that Defendant had committed aggravated fleeing in an attempt to convince the jury he was not guilty of armed robbery. Defense counsel may have believed Defendant was more likely to be acquitted on the charge of armed robbery if Defendant admitted his conduct for the aggravated fleeing charge. Given that Defendant was acquitted of the armed robbery charge, defense counsel's approach

supports a conclusion that this was a plausible, rational strategy. *See State v. Baca*, 1997-NMSC-059, ¶ 30, 124 N.M. 333, 950 P.2d 776 (holding that the defendant did not receive ineffective assistance of counsel when his trial counsel did not request a jury instruction for a lesser included offense because the record on appeal supported the conclusion that defense counsel pursued a plausible, rational strategy). Had Defendant's legal position that the evidence failed to satisfy the elements of aggravated fleeing as a matter of law succeeded, his aggravated fleeing conviction would have been vacated, and he would be left with no convictions. *See Villa*, 2004-NMSC-031, ¶¶ 12-18 (holding that where an appellate court determines that insufficient evidence supported a greater offense, remand for judgment on a lesser included offense was impermissible because the jury did not receive an instruction on the lesser included offense). If, however, Defendant had requested a lesser included jury instruction, the potential for complete acquittal would likely have been eliminated. Based on this record, we therefore conclude the failure to request a lesser included instruction does not establish a prima facie case for ineffective assistance of counsel.

**{13}** Because we determine that Defendant failed to establish a prima facie case of ineffective assistance of counsel, the appropriate manner of pursuing Defendant's claim for ineffective assistance of counsel is in a collateral proceeding. *See State v. Turner*, 2017-NMCA-047, ¶ 39, 396 P.3d 184 ("Because many of [the defense counsel's] alleged failures are based on facts that are not of record, [the d]efendant's ineffective assistance of counsel claim is likely more appropriately pursued, if at all, in habeas corpus proceedings."); *State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845 (holding that without a record on appeal, this Court cannot consider claims of ineffective assistance of counsel, and the proper avenue of relief is a post-conviction proceeding).

**CONCLUSION**

**{14}** For the foregoing reasons, we affirm the district court's denial of Defendant's conviction.

**{15} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**KATHERINE A. WRAY, Judge**