This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39503**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**HEATHER CHIMAL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Román R. Romero
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant Heather Chimal appeals her conviction for aggravated battery on a household member (great bodily harm), pursuant to NMSA 1978, Section 30-3-16(C) (2008, amended 2018).[1] She argues (1) the district court erred in not proffering her requested jury instructions for self-defense and great bodily harm; (2) she received ineffective assistance of counsel; and (3) insufficient evidence supports her conviction. We affirm.

---

[1] All references to Section 30-3-16 in this opinion are to the 2008 version of the statute.

**BACKGROUND**

**{2}** Defendant and Victim were in a relationship for a few years before breaking up. After their breakup, they remained in contact and continued a sexual relationship. A few years after their breakup, Victim spent the four days before his birthday at Defendant's home. Defendant and Victim went out the night of Victim's birthday and drank alcohol excessively. That evening, when they returned to Defendant's home, they got into an argument that led to Defendant stabbing Victim five times in his head and back. After a jury trial, Defendant was convicted for aggravated battery on a household member (great bodily harm), pursuant to Section 30-3-16(C).

**{3}** Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of this case, we reserve discussion of specific facts where necessary to our analysis.

**DISCUSSION**

**I.      Defendant Was Not Entitled To Her Requested Jury Instruction Regarding Great Bodily Harm**

**{4}** Defendant argues she was entitled to jury instructions for self-defense and great bodily harm that included references to a sexual offense. "The propriety of jury instructions given or denied is a mixed question of law and fact. Mixed questions of law and fact are reviewed de novo." *State v. Salazar*, 1997-NMSC-044, ¶ 49, 123 N.M. 778, 945 P.2d 996. A defendant is entitled to jury instructions on their theory of the case if there is evidence to support the instruction, and the failure to give such an instruction is reversible error. *State v. Brown*, 1996-NMSC-073, ¶ 34, 122 N.M. 724, 931 P.2d 69.

**{5}** Defendant initially proffered three relevant jury instructions to the district court regarding the elements for self-defense. Two of the proffered instructions referenced sexual assault and stated that Defendant acted in self-defense if there was an appearance of sexual assault or great bodily harm to Defendant "as a result of [Victim] attempting to sexually assault her" or "as a result of [Victim] attempting to rape her." The other, which was presented to the jury, stated Defendant acted in self-defense if there was an appearance of great bodily harm "as a result of [Victim] attempting to assault and batter her."

**{6}** Defendant proffered one jury instruction to the district court regarding the definition of "great bodily harm." The proffered instruction defined "[g]reat bodily harm" as "an injury to a person which creates a high probability of death or results in serious disfigurement or results in loss of any member or organ of the body or results in permanent or prolonged impairment of the use of any member or organ of the body or . . . is a sexual assault and/or a kidnapping."

**{7}** In her argument addressing both the self-defense and great bodily harm instructions, we note that Defendant does not alert this Court to any evidence

introduced at trial to support the proffered jury instructions. *See* Rule 12-318(A)(4) NMRA (explaining appellate briefs shall contain "an argument which, with respect to each issue presented, shall contain . . . citations to . . . [the] record proper"). We are to apply "a presumption of correctness" to the rulings of the district court. *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211. Further, it is Defendant's burden to demonstrate on appeal the error below. *Id.* We are not obligated to search the record on Defendant's behalf to find evidence in support of the claimed error. *See Muse v. Muse*, 2009-NMCA-003, ¶ 42, 145 N.M. 451, 200 P.3d 104 ("We are not obligated to search the record on a party's behalf to locate support for propositions a party advances or representations of counsel as to what occurred in the proceedings."). Therefore, we conclude the instructions Defendant requested for great bodily harm and self-defense that included references to sexual assault were not supported by the evidence in this case, and were properly refused. *See Brown*, 1996-NMSC-073, ¶ 34.

**{8}** Further, Defendant waived her right to object to the self-defense instruction by inviting the decision from the district court. As previously noted, Defendant initially proffered three relevant jury instructions to the district court regarding self-defense, including the one provided to the jury. The State objected to Defendant's self-defense instructions that included references to sexual assault, but stated it would not object to the one that mentioned assault and battery. At that point, defense counsel conceded that the instruction that the State found unobjectionable was the better one to use because the instruction was "neutral and fair," and the district court used this instruction. This Court has been clear that "a party may not invite error and then proceed to complain about it on appeal." *State v. Jim*, 2014-NMCA-089, ¶ 22, 332 P.3d 870; *see State v. Handa*, 1995-NMCA-042, ¶ 35, 120 N.M. 38, 897 P.2d 225 ("To allow a defendant to invite error and to subsequently complain about that very error would subvert the orderly and equitable administration of justice." (alteration, internal quotation marks, and citation omitted)). Given that Defendant proffered the jury instruction that was given and conceded that it was neutral and fair, Defendant cannot object to giving this instruction now.

## II.     Defendant Did Not Receive Ineffective Assistance of Counsel

**{9}** Defendant next contends that defense counsel's failure to introduce Facebook and text messages between Defendant and Victim, which demonstrated Victim contacted Defendant numerous times after the incident, deprived her of effective assistance of counsel. Defendant contends that the messages would have supported her claim of self-defense in that they would have shown that Victim, despite his claim that Defendant stabbed him, was still willing, one year later, to get together with her at her house. Our review of this claim is de novo. *State v. Montoya*, 2015-NMSC-010, ¶ 57, 345 P.3d 1056.

**{10}** We address claims of ineffective assistance of counsel under a two-part test, which is derived from *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Lytle v. Jordan*, 2001-NMSC-016, ¶ 25, 130 N.M. 198, 22 P.3d 666. "In order to be entitled to relief on the basis of ineffective assistance of counsel, a defendant must show that (1)

counsel's performance was deficient, and (2) the deficient performance prejudiced the defense." *State v. Trammell*, 2016-NMSC-030, ¶ 16, 387 P.3d 220 (internal quotation marks and citation omitted). "Failure to prove either prong of the test defeats a claim of ineffective assistance of counsel." *State v. Reyes*, 2002-NMSC-024, ¶ 48, 132 N.M. 576, 52 P.3d 948.

**{11}** In addressing the first prong, the defendant "must demonstrate that . . . counsel's performance was deficient in that it fell below an objective standard of reasonableness." *State v. Allen*, 2014-NMCA-047, ¶ 17, 323 P.3d 925 (internal quotation marks and citation omitted). "We do not find ineffective assistance of counsel if there is a plausible, rational trial strategy or tactic to explain counsel's conduct." *State v. Bernard*, 2015-NMCA-089, ¶ 35, 355 P.3d 831 (internal quotation marks and citation omitted). We conclude the decision not to rely on the messages as evidence was a rational trial strategy or tactic. We explain.

**{12}** For our analysis, we assume without deciding that the messages could be admissible and authenticated as messages between Victim and Defendant. The messages, sent after the incident, demonstrate Victim contacting Defendant repeatedly, Defendant requesting multiple times that Victim not contact her, and Victim continuing to contact Defendant without receiving a response.[2] Defendant argues they demonstrate Victim knew Defendant did not intentionally harm him but that she acted in self-defense. The messages do not state this, instead Victim's messages express affection and his desire to contact Defendant.

**{13}** We agree with the State that, in taking account both parties' theories of the case, the decision not to proffer these messages at trial can be seen as a rational trial tactic. The messages, although demonstrative of Victim's desire to contact Defendant, do little to undermine the State's theory at trial that Defendant was jealous because Victim had spoken to other women earlier that evening, Victim and Defendant got into an argument about her jealousy, and she stabbed him repeatedly when he tried to leave. In fact, at one point, Victim sent Defendant a message that stated, "I really dont [sic] know what you were so jealous of," a statement that can be interpreted to support the State's theory. Defendant's responses to the messages could have undermined her assertion that she feared Victim. Because the decision was within the realm of a reasonable trial tactic, we do not find ineffective assistance of counsel. *See State v. Roybal*, 2002-NMSC-027, ¶ 21, 132 N.M. 657, 54 P.3d 61 ("[I]f on appeal we can conceive of a

---

2Defendant claims the messages show Victim wrote to Defendant, requested to have sex with her, and in response, the two agreed to and did have sexual relations, which the messages do not establish. The same argument was made by defense counsel at the sentencing hearing. Defendant was given an opportunity to address the district court at the time and declined to do so, so we are presented with no evidence regarding this claim. "It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." *State v. Hall*, 2013-NMSC-001, ¶ 28, 294 P.3d 1235 (internal quotation marks and citation omitted). Therefore, we decline to address Defendant's claim that the messages prove she and Victim engaged in sexual relations after the incident in this matter.

reasonable trial tactic which would explain the counsel's performance, we will not find ineffective assistance.").

## III. The Evidence Presented was Sufficient to Support Defendant's Conviction

**{14}** Defendant's final argument is that insufficient evidence supports her conviction. "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *Montoya*, 2015-NMSC-010, ¶ 52 (internal quotation marks and citation omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted). Lastly, on appeal, we "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. Sufficiency of the evidence must be tested against the jury instructions because they become the law of the case. *State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409.

**{15}** Defendant first argues that "the injuries did not result in great bodily harm or death and the [d]octor and/or evidence did not note any real permanent disfigurement or prolonged impairment[of Victim]." Defendant ignores that the instruction given to the jury, modeled after Section 30-3-16(C), required the State to establish beyond a reasonable doubt that "[D]efendant caused great bodily harm to [Victim] *or acted in a way that would likely result in death or great bodily harm to* [*Victim*]." *See* UJI 14-323 NMRA. The jury was also instructed that "great bodily harm" includes "an injury to a person which creates a high probability of death or results in serious disfigurement or results in loss of any member or organ of the body or results in permanent or prolonged impairment of the use of any member or organ of the body." UJI 14-131 NMRA.

**{16}** Victim testified that Defendant stabbed him repeatedly with a knife, inflicting two stab wounds to his head, one behind his arm, one in the middle of his upper back, and one in his lower back. An emergency room physician testified that being stabbed in the areas Victim was stabbed could likely result in death, cause serious disfigurement, result in the loss of any member or organ of the body, and could result in permanent or prolonged impairment of the use of any member of the body. This testimony was sufficient to prove Defendant acted in a way that would likely result in great bodily harm to Victim.

**{17}** Defendant also argues Victim was not a household member because their "relationship as boyfriend/girlfriend was over some two years prior to the incident."[3]

---

[3]Defendant's argument is difficult to parse. The crux of her argument is that the relationship between Defendant and Victim could not meet the definitional requirements of a household member. Thus, we review Defendant's claim under a sufficiency of the evidence standard. *Cf. State v. Roybal*, 2006-NMCA-043, ¶ 17, 139 N.M. 341, 132 P.3d 598 ("[I]t is the substance of the motion, and not its form or label, that controls.").

Defendant ignores that a household member, as instructed to the jury, includes "a person with whom [Defendant] has or had a continuing personal relationship," which "means a dating or intimate relationship."

**{18}** Defendant and Victim both testified that they were in a romantic relationship together for a few years, and after the relationship ended they continued to see each other and have sexual relations regularly. This close relationship, that allowed them to spend four consecutive days together, including Victim's birthday, and also included regular sexual relations, was sufficient for the jury to conclude the two had a "continuing intimate relationship." *See State v. Montoya*, 2005-NMCA-005, ¶ 14, 136 N.M. 674, 104 P.3d 540 (noting that "[t]he victim need not cohabit or reside with the defendant in order to be a household member"). Based on the testimony of the witnesses, sufficient evidence was presented to convict Defendant.

**{19}** To the extent that Defendant argues that we should address the outer boundaries of a continuing personal relationship, the facts here show that this relationship falls squarely within the definition in the jury instruction and does not push the boundary. Such an instruction was therefore unnecessary. Defendant, moreover, makes no specific argument addressing the applicable jury instruction and the authorities she cites are distinguishable from the facts here. We therefore decline to address this argument. *See* Rule 12-318(A)(4) (requiring appellate briefs to include "an argument which, with respect to each issue presented, shall contain . . . citations to authorities"); *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (explaining that where arguments in briefs are not supported by cited authority, we presume counsel was unable to find supporting authority, this Court will not research authority for counsel, and will not review issues unsupported by authority).

**CONCLUSION**

**{20}** For the foregoing reasons, we affirm Defendant's conviction.

**{21} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**GERALD E. BACA, Judge**