This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40118**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.

**JESUS ROBLES,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Thomas E. Lilley, District Court Judge**

Raúl Torrez, Attorney General
Teresa Ryan, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BACA, Judge.**

**{1}** Defendant Jesus Robles appeals his conviction of possession of a firearm by a felon, contrary to NMSA 1978, Section 30-7-16(A) (2019, amended 2022). Defendant argues that he received ineffective assistance of counsel at trial. We affirm.

**{2}** Because this is an unpublished memorandum opinion written solely for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this

case, we omit a background section and leave the discussion of the pertinent facts for our analysis.

**DISCUSSION**

**{3}** "Criminal defendants are entitled to 'reasonably effective' assistance of counsel under the Sixth Amendment of the United States Constitution." *State v. Crocco*, 2014-NMSC-016, ¶ 12, 327 P.3d 1068 (internal quotation marks and citation omitted). "Trial counsel is generally presumed to have provided adequate assistance." *State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289. "The test for ineffective assistance of counsel is whether defense counsel exercised the skill of a reasonably competent attorney." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384.

**{4}** For New Mexico's appellate courts "to remand to the trial court on [the issue of ineffective assistance of counsel], the defendant must present a prima facie case of ineffective assistance of counsel." *State v. Arrendondo*, 2012-NMSC-013, ¶ 38, 278 P.3d 517. "To establish a prima facie case of ineffective assistance of counsel, [the d]efendant must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that [the d]efendant suffered prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Aker*, 2005-NMCA-063, ¶ 34 (internal quotation marks and citation omitted). "A prima facie case is made if [the d]efendant produces enough evidence to allow the fact-trier to infer the fact at issue and rule in [the d]efendant's favor." *Crocco*, 2014-NMSC-016, ¶ 14 (alteration, internal quotation marks, and citation omitted). "Claims of ineffective assistance of counsel are reviewed de novo." *State v. Tafoya*, 2012-NMSC-030, ¶ 59, 285 P.3d 604.

**{5}** "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. "Without an adequate record, an appellate court cannot determine that trial counsel provided constitutionally ineffective assistance[,]" *Crocco*, 2014-NMSC-016, ¶ 15, and "[t]he record is frequently insufficient to establish whether an action taken by defense counsel was reasonable or if it caused prejudice." *Arrendondo*, 2012-NMSC-013, ¶ 38. "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition." *Roybal*, 2002-NMSC-027, ¶ 19; *see Bernal*, 2006-NMSC-050, ¶ 33 (stating that in instances where the record on appeal is deficient to determine a claim of ineffective assistance of counsel, it is our Supreme Court's preference that such claims be brought through habeas corpus proceedings).

**{6}** Defendant's arguments are premised on two general complaints: (1) Defendant had to tell trial counsel to make objections and cross-examine witnesses; and (2) trial counsel refused Defendant's requests that certain objections be made. As he acknowledges, Defendant's claims raise matters outside the record. As such, we are unable to consider them on appeal. *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126

N.M. 593, 973 P.2d 845 ("Without a record, we cannot consider [the d]efendant's claim of ineffective assistance of counsel on direct appeal.").

**{7}** Nevertheless, based on the limited record before us and to the extent we understand Defendant's arguments regarding why his counsel was ineffective, we conclude that Defendant has not made a prima facie showing that his trial counsel was ineffective. We explain.

**{8}** "On appeal, we will not second guess the trial strategy and tactics of the defense counsel." *State v. Allen*, 2014-NMCA-047, ¶ 17, 323 P.3d 925 (internal quotation marks and citation omitted). Decisions regarding objections and cross-examination are trial strategy and tactics and do not necessarily equate to ineffective assistance of counsel. *See State v. Hester*, 1999-NMSC-020, ¶ 15, 127 N.M. 218, 979 P.2d 729 ("Decisions regarding objections are matters of trial tactics which do not necessarily equate to ineffective assistance of counsel."); *State v. Singleton*, 2001-NMCA-054, ¶ 13, 130 N.M. 583, 28 P.3d 1124 ("Generally, decisions concerning the conduct of the trial and trial tactics lie with the lawyer. . . . Such decisions include . . . whether and how to conduct cross-examination." (internal quotation marks and citations omitted)). Because Defendant has not explained why counsel's decisions amounted to unreasonable tactics, Defendant has not made a prima facie showing that his trial counsel's performance was deficient. *See State v. Gonzales*, 2007-NMSC-059, ¶ 14, 143 N.M. 25, 172 P.3d 162 ("The presumption of effective assistance will remain intact as long as there is a reasonable trial tactic explaining counsel's performance."). Still, even if he had made such a showing, Defendant has not shown that he suffered prejudice as the result of any of his trial counsel's alleged errors.

**{9}** Therefore, based on the record before this Court, we conclude that Defendant has not made a prima facie showing that he was denied effective assistance of counsel. However, "[i]f facts beyond those in the record on appeal could establish a legitimate claim of ineffective assistance of counsel, Defendant may assert it in a habeas corpus proceeding where an adequate factual record can be developed for a court to make a reasoned determination of the issues." *See Crocco*, 2014-NMSC-016, ¶ 24.

**CONCLUSION**

**{10}** For the reasons stated above, we affirm.

**{11}** **IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**